## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

CHINA CORNICI CO., LTD., *et al.*

                         Plaintiffs,

   v.

UNITED STATES,

                         Defendant.

</td><td>

Court No. 23-00216

</td></tr>
</table>

## COMPLAINT

Plaintiffs China Cornici Co., Ltd. ("China Cornici") and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.) ("RaoPing"), by and through undersigned counsel, allege and state a cause of action as follows:

## CAUSE OF ACTION

1.     This action is brought to contest the improper recission of an administrative review by the United States Department of Commerce ("DOC") with respect to Plaintiffs in the administrative review of *Wood Mouldings and Millwork Products from the People's Republic of China*, C-570-118, for the period of review ("POR") June 12, 2020, through December 31, 2021. The recission of review was effectuated on September 11, 2023, via Federal Register notice entitled Wood Mouldings and Millwork Products From the People's Republic of China: Final Recission of Countervailing Duty Administrative Review; 2020-2021, 88 Fed. Reg. 62,319 (Sept. 11, 2023).

## JURISDICTION AND STANDING

2.      Plaintiffs, China Cornici and RaoPing, are the foreign producers and/or exporters of record of the entries that are the subject of this Complaint and are the real parties in interest in this case.

3.      Plaintiffs timely filed comments and rebuttal arguments at the DOC, requesting that that the administrative review not be rescinded with respect to their companies. Plaintiffs' requests were denied on September 11, 2023, when the DOC published its final results in the Federal Register. Wood Mouldings and Millwork Products From the People's Republic of China: Final Recission of Countervailing Duty Administrative Review; 2020-2021, 88 Fed. Reg. 62,319 (Sept. 11, 2023) ("Final Results").

4.      The summons for this civil action was timely filed on October 11, 2023.

5.      This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), which confers "exclusive jurisdiction" to the Court over "any civil action commenced under section 516 of the Tariff Act of 1930." 28 U.S.C. § 1581(c).

6.      This action was commenced under section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, which identifies a reviewable final determination of an administrative review as "{a} final determination, other than a determination reviewable under paragraph (1), by the administering authority or the commission under section 751 of this Act."

## STATEMENT OF FACTS

7.      The merchandise subject to this action is picture frame mouldings produced and/or exported by Plaintiffs from China.

8.      The merchandise produced and/or exported by Plaintiffs falls within the scope of the countervailing ("CVD") duty order in *Wood Mouldings and Millwork Products from the People's Republic of China*, case number C-570-118.

9.      Plaintiffs exported subject picture frame mouldings during the POR from June 12, 2020, through December 31, 2021, for the administrative review of the CVD Order in C-570-118.

10.      On February 15, 2022, Plaintiffs requested a CVD administrative review with the DOC.

11.      On April 12, 2022, the DOC initiated the CVD administrative review of *Wood Mouldings and Millwork Products from the People's Republic of China*, C-570-118, available at 87 Fed. Reg. 21,619 (Apr. 12, 2022).

12.      On June 29, 2022, the DOC published its Notice of Intent to Rescind Review, In Part, which stated that it intended to rescind the review "{i}n the absence of any suspended entries during the POR from certain companies subject to the review. . . ."

13.      The DOC's June 29, 2022, Notice of Intent to Rescind Review, In Part listed Plaintiffs among the companies for which the DOC intended to rescind review.

14.      On July 13, 2022, Plaintiffs filed separate Comments on Notice of Intent to Rescind Review, In Part, objecting to the DOC's intent to rescind review with respect to each company.

15.      China Cornici's July 13, 2022, Comments on Notice of Intent to Rescind Review, In Part, explained that the DOC should not rescind the review for China Cornici because it exported subject merchandise to the United States during the POR and it provided a Form 7501 and other sales documents confirming the entry of such merchandise.

16.     RaoPing's July 13, 2022, Comments on Notice of Intent to Rescind Review, In Part, explained that the DOC should not rescind the review for RaoPing because it had suspended entries, and it provided evidence of its suspended "Type 03" (consumption – antidumping and countervailing duty) entries made during the period of review.

17.     On February 28, 2023, the DOC issued its Decision Memorandum for the Preliminary Results of the Countervailing Duty Administrative Review of Wood Mouldings and Millwork Products from the People's Republic of China; 2020-2021 ("Preliminary Decision Memorandum"), in which the DOC refrained from rescinding the review with respect to Plaintiffs because it "require{d} more time to fully examine the companies' claims and documentation of those claimed entries."

18.     On August 16, 2023, Plaintiffs filed jointly a Second Amended Rebuttal Brief, reasserting that the DOC should not rescind the review with respect to Plaintiffs because evidence on the record showed that the companies imported subject merchandise during the POR and suspension of liquidation instructions had been issued.

19.     On September 5, 2023, the DOC filed the Wood Mouldings and Millwork Products from the People's Republic of China: Issues and Decisions Memorandum for the Final Results of the 2020-2021 Countervailing Duty Administrative Review, dated September 1, 2023 ("Issues and Decisions Memorandum").

20.     The DOC's September 5, 2023, Issues and Decisions Memorandum stated that Plaintiffs "did not have reviewable entries of subject merchandise during the POR for which liquidation is suspended," and accordingly rescinded the review with respect to Plaintiffs.

21.     On September 11, 2023, the DOC's Wood Mouldings and Millwork Products From the People's Republic of China: Final Results and Partial Recission of Countervailing Duty

Administrative Review; 2020-2021 ("Final Results") were published in the Federal Register as 88 Fed. Reg. 62,319 (Sept. 11, 2023), giving rise to this action.

22.    As a result of the recission of review with respect to Plaintiffs, Plaintiffs were not considered "non-selected companies under review" and were thus rendered ineligible to receive the separate rates of 7.64% or 8.89%.

23.    By contrast, the "All Others" rate in the CVD Order (86 Fed. Reg. 9,484 (Feb. 16, 2021)) is 20.56%. This is the rate at which the entries were to be liquidated if the manufacturer did not request an administrative review of the Orders with the DOC.

## COUNT 1

24.    Paragraphs 1 through 23 are incorporated by reference.

25.    During the early parts of the POR, Plaintiffs, and their U.S. importer Larson-Juhl LLC, entered picture frame mouldings as "Type 01" (consumption) entries because they were unaware of the scope coverage of the antidumping ("AD") and CVD cases that were ongoing.

26.    Upon learning that the entries are covered by the Mouldings Orders, Plaintiffs' U.S. importer retained counsel and, on June 28, 2021, filed a prior disclosure letter with U.S. Customs and Border Protection ("CBP") to avoid facing potential penalties for not paying AD and CVD duties.

27.    In the prior disclosure letter, Plaintiffs' U.S. importer asked CBP to reset the entries from "Type 01" (consumption) to "Type 03" (consumption – antidumping and countervailing duty) and to suspend liquidation pending issuance of liquidation instructions by the DOC.

28.    On August 23, 2021, Plaintiffs' U.S. importer perfected the disclosure and tendered over $2 million to CBP to cover the AD and CVD duties owed.

29.     Although CBP accepted the payment of AD and CVD duties from Plaintiffs' U.S. importer, it failed to reset the entries to "Type 03" and it liquidated the entries between January 28, 2022, and May 20, 2022.

30.     At the time that Plaintiffs requested the CVD administrative review, the entry type remained unchanged as "Type 01" and many entries had been improperly liquidated.

31.     Under these facts, Plaintiffs' U.S. importer filed a protest request to CBP on July 7, 2022, which was ultimately denied on August 15, 2022.

32.     On February 10, 2023, Plaintiff's U.S. importer filed a Summons at the Court of International Trade, concerning the denied protest. The U.S. impoter's appeal is currently pending before this Court as *Larson-Juhl US LLC v. United States*, CIT 23-00032.

33.     Plaintiffs, in their August 16, 2023, Second Amended Rebuttal Brief to the DOC, requested that the DOC refrain from rescinding the review with respect to their companies until the outstanding issues concerning their entries of subject merchandise during the POR were resolved.

34.     The DOC, by issuing its Final Results and rescinding the review with respect to Plaintiffs on September 11, 2023, effectively rejected Plaintiffs request to refrain from rescinding the review until the outstanding issues were resolved and found, contrary to record evidence, that Plaintiffs "did not have reviewable entries of subject merchandise during the POR for which liquidation is suspended."

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and direct the DOC to:

(a)  Reverse its decision to rescind review with respect to Plaintiffs;

(b) Suspend liquidation of any unliquidated entries pending final determination by the Court of International Trade in *Larson-Juhl US LLC v. United States*, CIT 23-00032;

(c) Refund Plaintiffs all excess duties and fees paid, plus interest as required by law; and

(d) Provide Plaintiffs with such further and additional relief as the Court may direct.

Respectfully Submitted,

/s/ Mark R. Ludwikowski
Mark Ludwikowski
William Sjoberg
R. Kevin Williams
Kelsey Christensen
Sally Alghazali[*]

**CLARK HILL, PLC**

1001 Pennsylvania Ave. N.W.,
Suite 1300 South
Washington, DC 20004
mludwikowski@clarkhill.com

Dated: October 24, 2023

---

[*] Admitted to Minnesota Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).