## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE**

| | |
|---|---|
| CHINA CORNICI CO., LTD. *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Court No. 23-00216 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Upon consideration of plaintiffs' Rule's 56.2 motion for judgment upon the agency record, the response thereto, and all other pertinent papers, it is hereby:

ORDERED that plaintiffs' motion is DENIED; and it is further

ORDERED that judgment shall issue for the United States.

Dated: _____, 2024          _____

New York, New York                    STEPHEN A. VADEN, JUDGE

## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE**

_____
)
CHINA CORNICI CO., LTD. *et al.*,   )
)     Court No. 23-00216
Plaintiffs,   )
)
v.       )    **PUBLIC VERSION**
)
UNITED STATES,   )
)
Defendant.   )
_____)

### DEFENDANT'S RESPONSE TO PLAINTFFS' MOTION FOR JUDGMENT UPON THE AGENCY RECORD

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

CLAUDIA BURKE
Deputy Director

OF COUNSEL:
LESLIE LEWIS
Attorney
Office of the Chief
Counsel for Trade Enforcement
& Compliance
U.S. Department of Commerce

KATY M. BARTELMA
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044

July 30, 2024

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT PURSUANT TO RULE 56.2 ......................................................................... 2

    I.    Administrative Determination Under Review ........................................... 2

    II.    Statement Of The Issue ................................................................................ 2

STATEMENT OF FACTS ................................................................................................... 2

SUMMARY OF THE ARGUMENT ................................................................................... 8

ARGUMENT ....................................................................................................................... 9

    I.    Standard Of Review ..................................................................................... 9

    II.    Commerce's Rescission Of The Administrative Review With Respect To China Cornici And RaoPing Is Supported By Substantial Evidence And Otherwise In Accordance With Law ....................................................... 10

        A.  Plaintiffs Failed To Exhaust And Have Waived Their Theory That Commerce Lacked Statutory Authority To Rescind The Administrative Review ................................................................................ 11

        B.  Commerce Possessed Authority To Rescind The Administrative Review With Respect To China Cornici And RaoPing And Articulated A Lawful Basis For Rescission ........................................................... 13

            1.  Statutory And Regulatory Framework .......................................... 13

            2.  Commerce's Rescission Determination Was in Accordance With Law .............................................................................................. 15

        C.  Commerce's Rescission Determination Is Supported By Substantial Evidence ............................................................................................. 21

        D.  Any Dispute With Customs Concerning An Importer's Misclassification Of Entries Does Not Extinguish Commerce's Statutory Deadline ................................................................................. 25

CONCLUSION ................................................................................................................... 27

CERTIFICATE OF COMPLIANCE ................................................................................. 28

i

## TABLE OF AUTHORITIES

**Cases**

*Acquisition 362, LLC v. United States,*
59 F.4th 1247 (Fed. Cir. 2023) ................................................................. 13, 14

*Allegheny Ludlum Corp v. United States,*
346 F.3d 1372 (Fed. Cir. 2003) ........................................................ 7, 8, 17, 21

*Canadian Solar Int'l Ltd. v. United States,*
68 F.4th 1267 (Fed. Cir. 2023) ...................................................................... 17

*Conley v. Gibson,*
355 U.S. 41 (1957) ........................................................................................ 11

*Consolo v. Fed. Maritime Comm'n,*
383 U.S. 607 (1966) ...................................................................................... 25

*Fujitsu Gen. Ltd. v. United States,*
88 F.3d 1034 (Fed. Cir. 1996) ........................................................................ 9

*Kimble v. United States,*
991 F.3d 1238 (Fed. Cir. 2021) ................................................................ 11, 12

*PAM, S.p.A. v. United States,*
582 F.3d 1336 (Fed. Cir. 2009) ................................................................ 10, 22

*Qingdao Sea-Line Trading Co., Ltd. v. United States,*
766 F.3d 1378 (Fed. Cir. 2014) ...................................................................... 13

*QVD Food Co. v. United States,*
658 F.3d 1318 (Fed. Cir. 2011) ................................................................ 24, 27

*Shanghai Sunbeauty Trading Co. Ltd. v. United States,*
380 F. Supp. 3d 1328 (Ct. Int'l Trade 2019) .................................................. 18

*U.S. Steel Corp. v. United States,*
348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) .................................................. 12

*United States v. Eurodif S.A.,*
555 U.S. 305 (2009) ........................................................................................ 9

*Yama Ribbons & Bows Co., Ltd. v. United States,*
865 F. Supp. 2d 1294 (Ct. Int'l Trade 2012) .............................................. 24-25

**Statutes**

19 U.S.C. § 1484 ............................................................................................... 14, 24

19 U.S.C. § 1485 ........................................................................................................ 22

19 U.S.C. § 1514 ........................................................................................................ 14

19 U.S.C. § 1671b ........................................................................................................ 2

19 U.S.C. § 1675 .......................................................... 13, 14, 16, 17, 18, 19, 25

19 U.S.C. § 1677 ........................................................................................................ 17

19 U.S.C. §§ 1671b ............................................................................................... 14, 17

28 U.S.C. § 1581 ........................................................................................................ 11

28 U.S.C. § 2637 ........................................................................................................ 13

**Regulations**

19 C.F.R. § 159.1 ...................................................................................... 2, 3, 14

19 C.F.R. § 351.212 .................................................................................... 4, 13, 14, 16

19 C.F.R. § 351.213 ............................................... 6, 7, 8, 13, 14, 15, 16, 18, 19, 20

**Rules**

Rule 8 ............................................................................................................... 11, 12

Rule 56.2 .............................................................................................................1, 2

**Federal Register**

*Certain Circular Welded-Non Alloy Pipe from Mexico: Final Results of Antidumping Duty Administrative Review*, 76 Fed. Reg. 77, 770 (Dep't of Commerce Dec. 14, 2011) .................. 20

*Solid Fertilizer Grade Ammonium Nitrate from the Russian Federation:  Notice of Rescission of Antidumping Duty Administrative Review*, 77 Fed. Reg. 65,532 (Dep't of Commerce Oct. 29, 2012) ............................................................................................................... 15

*Wood Mouldings and Millwork Products From the People's Republic of China: Countervailing Duty Order*, 86 Fed. Reg. 9,484 (Dep't of Commerce Feb. 16, 2021) ................................... 2, 24

*Certain Frozen Fish Fillets from the Socialist Republic of Vietnam:  Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 Fed. Reg. 36,102 (Dep't of Commerce July 8, 2021) ........................................... 19

*Aluminum Wire and Cable from the People's Republic of China: Rescission of Countervailing Duty Administrative Review*, 86 Fed. Reg. 36,522 (Dep't of Commerce July 12, 2021) ............ 15

*Antidumping or Countervailing Duty Order, Finding or Suspended Investigation; Opportunity to Request Administrative Review*, 87 Fed. Reg. 7,112 (Dep't of Commerce Feb. 8, 2022) ............ 3

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 21,619 (Dep't of Commerce Apr. 12, 2022) ................................................................................................................ 3

*Wood Mouldings and Millwork Products from the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2020-2021*, 88 Fed. Reg. 14,122 (Dep't of Commerce Mar. 7, 2023) ................................................................................................................ 6

*Wood Mouldings and Millworks from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2020-2021*, 88 Fed. Reg. 62,319 (Dep't of Commerce Sept. 11, 2023) ................................................................................................................ 2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

_____
                                                )
CHINA CORNICI CO., LTD. *et al.*,               )
                                                )        Court No. 23-00216
                             Plaintiffs,        )
                                                )
           v.                                   )        **PUBLIC VERSION**
                                                )
UNITED STATES,                                  )
                                                )
                             Defendant.         )
_____)

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Court's Rules, defendant, the United States, respectfully submits this response to the motion for judgment on the agency record filed by China Cornici Co., Ltd. (China Cornici) and RaoPing HongRong Handicrafts Co., Ltd (d.b.a. Chen Chui Global Corp. (RaoPing) (collectively, plaintiffs), ECF No. 9 (Pl. Br.).

Plaintiffs challenge the final results of the Department of Commerce's (Commerce) countervailing duty administrative review of wood mouldings and millwork products from the People's Republic of China (China). Specifically, plaintiffs challenge Commerce's recission of the administrative review with respect to China Cornici and RaoPing. As we explain below, plaintiffs' arguments lack merit and, contrary to their assertions, Commerce's rescission of the review with respect to the plaintiffs is supported by substantial evidence and is otherwise in accordance with law. Accordingly, the final results should be sustained.

1

## STATEMENT PURSUANT TO RULE 56.2

I.    Administrative Determination Under Review

The administrative determination at issue is *Wood Mouldings and Millworks from the People's Republic of China,* 88 Fed. Reg. 62,319 (Dep't of Commerce Sept. 11, 2023) (*Final Results*), Appx31603-31606, and accompanying Issues and Decision Memorandum (IDM), Appx29399-29478.  The period of review is June 12, 2020, through December 31, 2021.

II.    Statement Of The Issue

1. Whether Commerce's rescission of the administrative review with respect to China Cornici and RaoPing is supported by substantial evidence and in accordance with law.

## STATEMENT OF FACTS

In February 2021, Commerce issued a countervailing duty order for wood mouldings and millwork products from China.  *See Wood Mouldings and Millwork Products From the People's Republic of China: Countervailing Duty Order*, 86 Fed. Reg. 9,484 (Dep't of Commerce Feb. 16, 2021) (*Order*).  Commerce stated that it would direct U.S. Customs and Border Protection (CBP or Customs) to assess countervailing duties on unliquidated entries of subject merchandise entered, or withdrawn from warehouse, for consumption on or after June 12, 2020, the date Commerce published its preliminary determination, and before October 10, 2020, when Commerce had instructed CBP to discontinue the suspension of liquidation pursuant to 19 U.S.C. § 1671b(d)(3), which states that provisional measures in a countervailing duty investigation may not remain in place for more than four months.[1]  *See id.* at 9,485.  Entries made on or after October 10, 2020, and prior to the publication of the *Order*, on February 16, 2021, were not

---

[1] "Liquidation" refers to the "final computation or ascertainment of duties on entries{.}" 19 C.F.R. § 159.1

subject to countervailing duties, and entries following publication of the Order were subject to suspension and a cash deposit requirement. *See id.*

A year later, Commerce published a notice of opportunity to request an administrative review. *See Antidumping or Countervailing Duty Order, Finding or Suspended Investigation; Opportunity to Request Administrative Review*, 87 Fed. Reg. 7,112, 7,114 (Dep't of Commerce Feb. 8, 2022). China Cornici and RaoPing requested that Commerce conduct an administrative review covering the period of June 12, 2020 through December 31, 2021, for "RaoPing HongRong Handicrafts Co., Ltd. (d.b.a. Chen Chui Global Corp.)" and "China Cornici Co. Ltd." China Cornici & RaoPing's Request for Administrative Review (Feb. 15, 2022), Appx1006-1007.

In April 2022, Commerce initiated the administrative review. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 21,619 (Dep't of Commerce Apr. 12, 2022), Appx1047, Appx1063-1064. China Cornici and RaoPing filed an entry of appearance and an administrative protective order application. S*ee* Appx1006-1008. Commerce placed on the record Customs entry data for imports of subject merchandise during the period of review and solicited comments from parties. *See* Memorandum, "Release of Customs Data from U.S. Customs and Border Protection" (Apr. 14, 2022), Appx1105; Customs Entry Data (Mar. 31, 2022), Appx80008-80537. In May 2022, based on comments received from various parties, Commerce placed additional Customs data on the record and solicited additional comments. *See* Memorandum, "Release of Customs Data from U.S. Customs and Border Protection" (May 4, 2022), Appx1151; Customs Entry Data (May 2, 2022), Appx80579-81116. Neither China Cornici nor RaoPing appeared in the data. Although Commerce received

comments from other companies on the Customs entry data, China Cornici and RaoPing did not comment on the data.

In May 2022, Commerce instructed Customs to liquidate all period of review entries of subject merchandise, except for those by companies that had requested administrative review, including "China Cornici Co. Ltd." and "RaoPing HongRong Handicrafts Co., Ltd. (d.b.a. Chen Chui Global Corp.)." *See* Customs Liquidation Instruction, Message No. 2137423 (May 17, 2022), Appx1164-1169 (Message No. 2137423); *see also* 19 C.F.R. § 351.212(c). Commerce also instructed Customs to "suspend liquidation of all entries of merchandise produced and/or exported by the listed firms entered, or withdrawn from warehouse, for consumption during the period 06/12/2020 through 12/31/2021." Appx1166. In accord with these instructions, Customs was to liquidate all entries of subject merchandise made during the period of review unless the entry was from a firm listed in Commerce's instructions. *See* Appx1166.

Based on Customs entry data, Commerce selected two mandatory respondents for individual examination, *see* Memorandum, "Respondent Selection" (June 21, 2022), Appx1170-1178, and notified parties of its intent to rescind the review for companies that did not have suspended entries during the period of review, *see* Notice of Intent to Rescind the Review, In Part (June 29, 2022), Appx1275 (Notice of Intent to Rescind). The notice referred to Customs entry data that Commerce had placed on the record, and China Cornici and RaoPing were among the companies identified for potential rescission. Appx1275, Appx1277. Commerce provided parties an opportunity to submit comments and information to demonstrate that the companies had reviewable entries during the period of review. *See* Appx1275.

In July 2022, China Cornici and RaoPing each submitted comments in response to Commerce's notice. *See* China Cornici Comments on Notice of Intent to Rescind (July 13,

2022), Appx1346-1354; Appx81202-81239; RaoPing Comments on Notice of Intent to Rescind

(July 13, 2022), Appx1364-1372; Appx81255-81266.  China Cornici objected to Commerce's

intent to rescind review, describing itself as a "producer and/or exporter" of subject merchandise

and providing "information related to its entries during the POR."  Appx1346-1347, Appx81202-

81203.  In particular, China Cornici provided documents related to a request by its importer to

Customs to reset to Type 03[2] [                    ] entries that the importer had entered as nonsubject

merchandise and suspend liquidation pending Commerce's issuance of liquidation instructions.

*See* Appx81230-81238.  In its comments, RaoPing likewise objected to Commerce's intent to

rescind, commenting that it had "Type 03" entries during the POR and provided entry

documentation as supporting evidence.  Appx1365 (stating that "Type 03 entries" are "clearly

suspended"); *see* Appx81262-81265.

The petitioner, Coalition of American Millwork Producers, also submitted rebuttal

comments, arguing in relevant part that Commerce had placed CBP entry data on the record and

stated it would rescind review with respect to companies that did not have suspended entries

during the period of review, but China Cornici and RaoPing had failed to demonstrate that

Commerce should not rescind the review with respect to them.  *See* Petitioner Rebuttal

Comments Regarding Notice of Intent to Rescind Review, In Part (July 20, 2022), Appx1405;

Appx81281.  In particular, the petitioner pointed out that, although China Cornici had [

---

[2] "Type 03" is an entry code type on the Customs entry summary form that indicates a
consumption entry that is subject to antidumping and/or countervailing duties.  In contrast, Entry
Type 01 indicates a consumption entry that is "free and dutiable."  CBP Form 7501 at 4,
available at: https://www.cbp.gov/sites/default/files/assets/documents/2023-
Nov/CBP%20Form%207501.pdf (last accessed July 20, 2024).

], it appeared that the [

].”  Appx81282.

In March 2023, Commerce published its preliminary results.  *See Wood Mouldings and Millwork Products from the People's Republic of China*, 88 Fed. Reg. 14,122 (Dep't of Commerce Mar. 7, 2023), and accompanying Preliminary Decision Memorandum (PDM), Appx12419-12478.  As relevant here, Commerce explained that its practice is to rescind an administrative review of a countervailing duty order pursuant to 19 C.F.R. § 351.213(d)(3) when there are no reviewable entries of subject merchandise during the period of review for which liquidation is suspended.  PDM at 5, Appx12423.  Commerce, however, did not rescind review with respect to China Cornici or RaoPing, stating that it needed additional time to fully examine their claims and documentation and would make a determination in the final results. Appx12424.

In June 2023, Commerce extended the deadline for the final results by 178 days – just two days short of the 180-day maximum permitted by statute.  *See* Commerce Extension of Deadline for Final Results (June 14, 2023), Appx28990-28991.  In August, China Cornici and RaoPing, along with additional companies not at issue here, replied to the petitioner's rebuttal comments regarding rescission.  *See* Second Am. Rebuttal Br. (Aug. 16, 2023), Appx29369-29382.  The companies agreed with the petitioner's statement that Commerce would rescind the review with respect to a company in the absence of any suspended entries during the period of review, but they argued that the record shows that "{Commerce} *has* suspended entries" during the period of review from China Cornici and RaoPing.  Appx29379 (emphasis in original).

On September 11, 2023, Commerce published its final results.  *See Final Results*, Appx29387-29398, and IDM, Appx29399-29478.  As relevant here, Commerce rescinded the

review with respect to China Cornici and RaoPing based on its finding that the companies had no reviewable entries of subject merchandise during the POR for which liquidation was suspended. *Final Results*, Appx29389, and IDM at 36-38, Appx29434-29436.  In doing so, Commerce reiterated its practice, pursuant to 19 C.F.R. § 351.213(d)(3), of rescinding administrative review when there are no reviewable entries of subject merchandise during the period of review for which liquidation is suspended.  IDM at 36, Appx29434.  Commerce further explained that its practice is to only conduct administrative review on suspended entries of subject merchandise and that suspended entries are required because of the "direct relationship between suspension of liquidation and Commerce's ability to enforce its CVD orders."  IDM at 36-37, Appx29434-29435.

Commerce also explained that, in determining whether there are entries of subject merchandise subject to review, its general practice is to rely on Custom's information and explained why it views such data as reliable.  IDM at 37, Appx29435.  Commerce acknowledged that the companies argued that their respective documentation showed each company had entries during the POR, but Commerce found that the record demonstrated that Customs had liquidated the entries in question.  IDM at 37, Appx29435.  Commerce further acknowledged that, while China Cornici had demonstrated an ongoing dispute with Customs related to its entries, mandatory statutory deadlines required Commerce to issue the final results and, at that time, no record evidence demonstrated that China Cornici had a suspended entry within the period of review.  IDM at 37, Appx29435.  Commerce additionally explained that its practice of requiring a suspended entry to conduct an administrative review, and not conducting a review solely to revise a cash deposit rate, was consistent with the law and had been upheld by the United States Court of Appeals for the Federal Circuit.  *See* IDM at 38, Appx29436 (discussing 19 U.S.C.

§ 1675(a)(2)(C) and *Allegheny Ludlum Corp v. United States*, 346 F.3d 1372 (Fed. Cir. 2003)). Therefore, in the absence of reviewable, suspended entries of subject merchandise during the POR, Commerce rescinded its administrative review with respect to China Cornici and RaoPing. IDM at 38, Appx29436.

On October 24, 2023, plaintiffs timely filed a complaint before this Court.  Compl. (ECF No. 9).  It sets forth one count, alleging that Commerce's issuance of the final results and rescission of review with respect to plaintiffs "effectively rejected plaintiffs' request to refrain from rescinding the review until the outstanding issues were resolved and found, contrary to record evidence, that plaintiffs 'did not have reviewable entries of subject merchandise during the POR for which liquidation is suspended.'"  *Id.* ¶ 34.

## SUMMARY OF THE ARGUMENT

Commerce's determination to rescind the administrative review of China Cornici and RaoPing is supported by substantial evidence and in accordance with law.  Although plaintiffs contend that Commerce lacked authority to rescind the review with respect to them, they have waived and failed to exhaust this argument by failing to assert it in their complaint and before the agency.  Even if this were not the case, Commerce's rescission determination was in accordance with the law.  By statute, an administrative review is a retrospective process by which Commerce determines the appropriate countervailing duty rate to apply to entries of subject merchandise for a discrete period of time.  For Commerce to conduct such a retrospective review, there must be evidence of entries during the period of review and the entries must be suspended so that Commerce may direct Customs to liquidate those entries at the rate determined by Commerce in the review.  Therefore, absent evidence of a suspended entry of subject merchandise during the period of review, Commerce will rescind the review with respect to the company pursuant to 19

C.F.R. § 351.213(d)(3).  Thus, Commerce's decision to rescind the administrative review with respect to China Cornici and RaoPing based on its finding that they did not have suspended entries subject to review during the period of review is lawful.

Commerce's factual determination that China Cornici and RaoPing did not have reviewable entries of subject merchandise during the period of review is supported by substantial evidence.  The documentation the companies provided indicated that their entries were either not subject to the review or not suspended.  The Customs entry data placed on the record by Commerce also indicated that they did not have suspended entries of subject merchandise during the period of review.  Although China Cornici and RaoPing contend that Commerce should have reached a different conclusion based on the record evidence, or refrained from completing the review to provide China Cornici's importer with more time to resolve its classification errors, Commerce analyzed the available information and complied with its statutory obligation to timely complete the review.  Thus, substantial evidence supports Commerce's determination that China Cornici and RaoPing had no suspended entries within the period of review.  Accordingly, the Court should sustain Commerce's determination.

## **ARGUMENT**

I.    Standard Of Review

In reviewing Commerce's antidumping or countervailing duty determinations, "the Court of International Trade must sustain 'any determination, finding or conclusion found' by Commerce unless it is 'unsupported by substantial evidence on the record, or otherwise not in accordance with law.'"  *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)); *see United States v. Eurodif S.A.*, 555 U.S. 305, 316 n.6 (2009) ("The specific factual findings on which {Commerce} relies in applying its interpretation

are conclusive unless unsupported by substantial evidence.") (citation omitted)).  "Substantial evidence" means "'more than a mere scintilla,' or 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *PAM, S.p.A. v. United States*, 582 F.3d 1336, 1339 (Fed. Cir. 2009) (quoting *Micron Tech., Inc. v. United States*, 117 F.3d 1386, 1393 (Fed. Cir. 1997) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)).  The possibility of drawing two inconsistent conclusions from the evidence in the record does not prevent an agency's determination from being supported by substantial evidence.  *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).  An agency decision may not be overturned "simply because the reviewing court would have reached a different conclusion based on the same record."  *Cleo Inc. v. United States*, 501 F.3d 1291, 1296 (Fed. Cir. 2007) (citations omitted); *see also Fujitsu*, 88 F.3d at 1039 ("Antidumping and countervailing duty determinations involve complex economic and accounting decisions of a technical nature, for which agencies possess far greater expertise than courts.").

II.    Commerce's Rescission Of The Administrative Review With Respect To China Cornici And RaoPing Is Supported By Substantial Evidence And Otherwise In Accordance With Law

Based on the record before it, Commerce found that China Cornici and RaoPing did not have reviewable entries of subject merchandise for which liquidation was suspended.  Therefore, consistent with its practice, Commerce rescinded the administrative review with respect to China Cornici and RaoPing.  This determination was lawful and supported by substantial evidence.  Plaintiffs' challenges to Commerce's decision lack a basis in both the law and the record.

A.    Plaintiffs Failed To Exhaust And Have Waived Their Theory That Commerce
      Lacked Statutory Authority To Rescind The Administrative Review

In their motion for judgment, the plaintiffs contend that Commerce lacked statutory

authority to rescind the administrative review with respect to them because, in their view, neither

the statute nor the regulations provide Commerce with authority to rescind the review in this

situation.  *See* Pl. Br. at 3-6.  Plaintiffs have failed to exhaust and waived this theory by failing to

include it within their complaint and by failing to raise it before the agency.  Consequently, the

argument is not properly before the Court and should not be considered.

This Court's rules require plaintiffs to set forth in their complaint "a short and plain

statement of the claim showing that {they are} entitled to relief; and … a demand for the relief

sought, which may include relief in the alternative or different types of relief."  USCIT Rule

8(a)(2), (3); *see also id.* Practice Cmt. (stating that, for actions commenced under 28 U.S.C.

§ 1581(c), the complaint must include "a statement of the issues presented by the action{.}").

The purpose of these requirements is to "give the defendant fair notice of what the … claim is

and the grounds upon which it rests{.}"  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (discussing

Fed. R. Civ. P. 8(a)(2), which USCIT Rule 8(a)(2) mirrors).  While parties may present any

argument in favor of a claim properly presented, distinct claims are waived if not pled in the

complaint.  *See Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) (citing *Casa de

Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002) ("{W}e

need not address Casa's agency theory because ... {n}o mention of this theory appears in Casa's

complaint.")).

Plaintiffs' complaint in this case challenges Commerce's final results and contains a

single count, alleging that Commerce's issuance of its final results and rescission of review with

respect to the plaintiffs "effectively rejected {p}laintiffs{'} request to refrain from rescinding the review until the outstanding issues {concerning their entries} were resolved and found, contrary to record evidence, that plaintiffs 'did not have reviewable entries of subject merchandise during the POR for which liquidation is suspended.'" Compl. ¶ 34; *see id.* ¶ 33.  Thus, plaintiffs' complaint challenges the timing of Commerce's rescission decision and Commerce's weighing of the evidence before it, but it does not challenge Commerce's rescission practice or set forth any theory under which a rescission on the ground articulated by Commerce was not authorized under the law.  If plaintiffs had wanted to challenge Commerce's rescission practice or legal authority to rescind the administrative review, it should have provided fair notice of that claim when commencing the instant suit.  Because plaintiffs failed to do so in their complaint, they are precluded from doing so now.  *See, e.g., Kimble*, 991 F.3d at 1244 (deeming waived a claim not raised in the complaint); *U.S. Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1259 (Ct. Int'l Trade 2018) ("Failure to raise and adequately develop a legal claim results in waiver."); USCIT Rule 8(a)(2).

Moreover, even if this theory is not waived, plaintiffs failed to exhaust this issue before the agency.  Although Commerce provided notice of its practice and its intent to rescind with respect to China Cornici and RaoPing consistent with that practice, plaintiffs did not argue that Commerce lacked legal authority to rescind the review in their responses to the rescission notice or their rebuttal to the petitioner.  Indeed, in their Second Amended Rebuttal Brief, plaintiffs "agree" with the petitioner's statement that Commerce would rescind the review in the absence of any suspended entries during the period of review, going on to argue only that the record shows they have suspended entries.  Appx29379; *see* Appx29380.  Because the plaintiffs did not present any challenge to Commerce's practice or legal authority to rescind during the underlying

administrative process here, they did not exhaust this issue before the agency. Consequently, any such argument is not properly before the Court and should not be considered. *See* 28 U.S.C. § 2637(d); *Qingdao Sea-Line Trading Co., Ltd. v. United States*, 766 F.3d 1378, 1388 (Fed. Cir. 2014) (refusing to consider arguments not presented in the party's case briefs to Commerce).

B.    Commerce Possessed Authority To Rescind The Administrative Review With Respect To China Cornici And RaoPing And Articulated A Lawful Basis For Rescission

Even if the Court were to reach this argument, Commerce possessed the requisite authority to rescind the administrative review with respect to China Cornici and RaoPing. *See* IDM at 36-38, Appx29434-29436. Plaintiffs contend that Commerce lacked authority to rescind the review "because Commerce's stated reason for rescission is not among the enumerated scenarios giving rise to Commerce's authority to rescind a review." Pl. Br. at 3 (referring to the three grounds for rescission under 19 C.F.R. § 351.213(d)). They are wrong. As Commerce explained, its rescission was justified under 19 C.F.R. § 351.213(d)(3) when the plaintiffs "did not have reviewable entries of subject merchandise during the POR for which liquidation is suspended." IDM at 4.

1.    Statutory And Regulatory Framework

The United States uses a "retrospective" assessment system under which final liability for duties is determined after merchandise is imported. *See* 19 U.S.C. § 1675(a)(1); 19 C.F.R. §§ 351.212(a), 351.213(a); *Acquisition 362, LLC v. United States*, 59 F.4th 1247, 1252 (Fed. Cir. 2023). Thus, the liability to pay duties accrues at entry, with liquidation – the "final computation or ascertainment of duties," 19 C.F.R. § 159.1 – occurring later.[3] *See id.* (citing 19 C.F.R.

---

[3] Liquidation is "final and conclusive on all persons" unless timely protested by the importer. 19 U.S.C. § 1514 (specifying the finality of liquidation and post-liquidation procedures).

13

§ 351.212(a)).  To facilitate this retrospective system, upon issuance of a countervailing duty order, Commerce directs Customs to suspend liquidation of entries covered by the order until the final rate is assessed by Commerce in an annual administrative review; thereafter, Commerce directs Customs to liquidate entries of merchandise covered by the determination and collect cash deposits for estimated duties based on the assessment made in the administrative review. *See* 19 U.S.C. §§ 1671b(d)(2), 1671d(c), 1675(a)(2)(C); *Acquisition 362*, 59 F.4th at 1252.  At entry, importers must certify whether the merchandise is subject to an antidumping or countervailing duty order.  *See* 19 U.S.C. § 1484(a)(1)(B).

Interested parties may annually request review of a countervailing duty order for a given retrospective period; this process is known as an administrative review.  *See* 19 U.S.C. § 1675(a)(1); 19 C.F.R. § 351.213(e)(2)); *Acquisition 362*, 59 F.4th at 1252.  In the absence of a review request, Commerce instructs CBP to liquidate entries at the rate previously established. *See id.* (citing 19 C.F.R. §§ 351.212(c)(1), (c)(2)).  If review is requested, Commerce reviews the countervailing duty rate for merchandise "covered by the request," *id.* (quoting 19 C.F.R. § 351.212(c)(2)), and, for such merchandise, suspends liquidation until the final rate is determined in the review, *see id.* (citing *Ambassador Div. of Florsheim Shoe v. United States*, 748 F.2d 1560, 1565 (Fed. Cir. 1984)).  The determinations made in an administrative review "shall be the basis for the assessment of countervailing or antidumping duties on entries of subject merchandise covered by the determination and for deposits of estimated duties."  19 U.S.C. § 1675(a)(2)(C); *see* 19 C.F.R. § 351.212(b)(2) (providing that, if Commerce has conducted an administrative review, "the Secretary normally will instruct {Customs} to assess countervailing duties by applying the rates included in the final results of the review to the entered value of the merchandise").

Commerce also possesses authority to rescind an administrative review.  *See* 19 C.F.R. § 351.213(d).  As relevant to this case, Commerce may rescind an administrative review with respect to a particular party "if the Secretary concludes that, during the period covered by the review, there were no entries, exports, or sales of the subject merchandise, as the case may be." *Id*. § 351.213(d)(3).  Because of the relationship between the suspension of liquidation and Commerce's ability to enforce duty orders by ordering liquidation at the rate calculated for the review period, it is Commerce's practice to rescind a review pursuant to 19 C.F.R. § 351.213(d)(3) when there are no reviewable entries of subject merchandise during the period of review for which liquidation is suspended.  *See, e.g., Aluminum Wire and Cable from the People's Republic of China: Rescission of Countervailing Duty Administrative Review*, 86 Fed. Reg. 36,522, 36,523 (Dep't of Commerce July 12, 2021)*; Solid Fertilizer Grade Ammonium Nitrate from the Russian Federation:  Notice of Rescission of Antidumping Duty Administrative Review*, 77 Fed. Reg. 65,532, 65,533 (Oct. 29, 2012), and accompanying IDM (Dep't of Commerce Oct. 22, 2012).

2.  <u>Commerce's Rescission Determination Was in Accordance With Law</u>

Here, Commerce complied with governing legal authorities and followed its standard practice in rescinding the review with respect to plaintiffs.  In its final results, Commerce found that China Cornici and RaoPing "have no reviewable entries of subject merchandise during the POR" and, as a result of that finding, rescinded the review with respect to these companies, pursuant to 19 C.F.R. § 351.213(d)(3).  Appx31604.  In its decision memorandum, Commerce explained that this result was consistent with its practice to conduct administrative reviews only on suspended entries and to rescind review of a countervailing duty order in the absence of reviewable entries of subject merchandise during the period of review for which liquidation is

suspended.  IDM at 36, Appx29434 (citation omitted).  Commerce further explained that, given the relationship between suspension of liquidation and the eventual enforcement of any order, suspended entries are required for review because, without a suspended entry, there is nothing for the agency to review and no entry to be liquidated at the newly calculated assessment rate. *See id.* at 36-37, Appx29434-29435.

Commerce's practice of requiring suspended entries for administrative reviews is consistent with the statutory and regulatory framework that governs the administrative review process.  As set out above, Commerce is statutorily required to periodically review and determine the amount of any duty, *see* 19 U.S.C. § 1675(a)(1)(A), and its resulting determination "shall be the basis for the assessment of countervailing or antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties," *id*. § 1675(a)(2)(C) (emphasis added).  Accordingly, the statutory language indicates that a party requesting an administrative review must have suspended entries that were made during the period of review on which the newly determined duties may be assessed.  Otherwise, if there were no suspended entries, the determination made in the review could not be "the basis for the assessment of countervailing or antidumping duties on entries of merchandise covered by the determination," as mandated in the statute.  *Id*.; *see also id.* § 1675(a)(1); 19 C.F.R. § 351.212(b)(2).  Thus, Commerce's practice is consistent with the statutory command to use the results of the review not only to establish prospective cash deposit rates but also to assess duties on the reviewed entries.

Commerce's practice is also consistent with the purposes and practical realities of administrative review.  For Commerce to "review and determine" any net countervailable subsidy and assess the applicable countervailing duties on entries covered by the determination,

19 U.S.C. §§ 1675(a)(1), (a)(2)(C), there must, in fact, be suspended entries for Commerce to review and order liquidated at the newly determined rate.  In the absence of suspended entries, the requesting party would essentially be asking Commerce to review an entry of merchandise that is not subject to the countervailing duty order.  That result would be contrary to the statutory purpose of providing review of merchandise subject to such an order.  *See id.* § 1675(a); *see also* 19 U.S.C. § 1677(25) (defining "subject merchandise").  As the Federal Circuit has recognized when reviewing Commerce's practice of not conducting administrative review of an antidumping order when there are sales but no customs entries, "where there are no entries . . . during a period of review there is no subject merchandise and thus nothing to review and no basis for revising the cash deposit rates – so Commerce need not (indeed, cannot) conduct review."  *Allegheny Ludlum v. United States*, 346 F.3d 1368, 1372 (Fed. Cir. 2003) (holding "lawful Commerce's regulatory policy of rescinding annual administrative reviews where there are no entries during the period of review and where all in-period sales can be linked to pre-period-of-review entries"); *see Canadian Solar Int'l Ltd. v. United States*, 68 F.4th 1267 (Fed. Cir. 2023) ("We doubt that continuing a review where it was conclusively established that there were no entries during the period of review could ever be appropriate.").  Thus, Commerce's practice of requiring a party to have a suspended entry during the period of review to participate in a review aligns with the purpose of administrative review and Federal Circuit precedent.

Plaintiffs contend that Commerce lacked authority to rescind the review with respect to them because the regulation states that review may be rescinded if Commerce concludes there are "no entries" of subject merchandise during the period of review, while Commerce found that the plaintiffs "did not have reviewable entries of subject merchandise during the POR *for which liquidation is suspended*."  Pl. Br. at 4-5 (emphasis in brief) (quoting 19 C.F.R. § 351.213(d)(3)

and IDM, Appx29402).  This skeletal assertion is mere distraction.  While plaintiffs disagree

with Commerce's application of its "usual practice" in their case, *id*. at 5, they raise no specific

challenge to Commerce's authority to conduct its administrative reviews in this way.  Nor could

they given that, as shown above, Commerce's rescission of an administrative review in the

absence of a suspended entry is in accord with the governing legal framework, which

contemplates that Commerce will determine an appropriate duty rate and apply that rate to the

entry subject to review.

Rather, the crux of the plaintiffs' contention seems to be that Commerce erred in

rescinding the review because its stated reason for rescission does not track the precise language

of 19 C.F.R. § 351.213(d)(3).  *See* Pl. Br. at 4-5.  But they cite no authority to support this

contention.  And to the extent plaintiffs intend to argue that the express language of the

regulation does not require a suspended entry for a company to participate in an administrative

review, this Court has previously rejected a similar argument.  In *Shanghai Sunbeauty Trading*

*Co. Ltd. v. United States*, 380 F. Supp. 3d 1328, 1336 (Ct. Int'l Trade 2019), an exporter seeking

a separate rate in an antidumping administrative review argued, among other things, that

Commerce erred in requiring a suspended entry for review because 19 U.S.C. § 1675(a)(2)(A)

provides for Commerce to review "each entry of subject merchandise" and does not require that

entry be suspend.  The Court concluded that Commerce did not err in requiring a suspended

entry, reasoning that accepting Sunbeauty's interpretation that a company need only show that an

entry was made, not that liquidation was suspended, would require Commerce to determine a

dumping margin for an entry that an importer had represented was not subject to an antidumping

order, a result not contemplated by the statute.  *See id.* at 1336 (citing 19 U.S.C. § 1677(25)

(defining "subject merchandise")).  The Court further observed that accepting Sunbeauty's

argument would result in "thwarting one of the principal purposes of the review" because the resulting rate would not be applied to the reviewed entry. *Id.* at 1336-37.

This logic applies here. Just as Sunbeauty tried to argue that any entry, even if not suspended, sufficed to support its separate rate application, plaintiffs here contend that they could participate in the administrative review so long as they had any entry, even if not suspended, within the period of review. *See* Pl. Br. at 4-5. But, as with the statute identified by the plaintiff in *Sunbeauty*, reading 19 C.F.R. § 351.213(d)(3) to mean that any entry suffices as a basis for administrative review, even if not suspended, would lead Commerce to determine a rate for an entry that was represented as not subject to a countervailing duty order and thwart the purpose of administrative review as it would not be subject to liquidation at the assessed rate. Indeed, if Commerce examined entries that were not certified as subject to countervailing duties upon entry or liquidated entries, particularly those CBP had liquidated without regard to duties because the importer had declared them to be non-subject merchandise, importers would lack incentive to properly classify merchandise upon entry. This would result in the collection of incorrect duties when entries liquidated as entered. *See Certain Frozen Fish Fillets from the Socialist Republic of Vietnam: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019*, 86 Fed. Reg. 36,102 (Dep't of Commerce July 8, 2021), and accompanying IDM (June 25, 2021). At bottom, the plaintiffs have not shown that Commerce's practice of rescinding an administrative review in the absence of suspended entries is contrary to law.

To the extent that plaintiffs argue that "Commerce failed to articulate a lawful basis for rescission pursuant to the statute and guiding regulations," Pl. Br. at 1, the record belies any such contention. In its decision memorandum, Commerce explained its decision to rescind the review

with respect to China Cornici and RaoPing.  IDM at 36-38, Appx29434-29436.  Commerce first

explained its practice of rescinding "administrative review of a CVD order, pursuant to 19 C.F.R.

§ 351.213(d)(2), when there are no reviewable entries of subject merchandise during the POR for

which liquidation is suspended," which, as outlined above, is in accordance with law.  IDM at

36; *see id.* at 36-37, Appx29434-29435.  Commerce then explained that its general practice is to

rely on Custom's information to determine entries subject to review and that Commerce

considers such data to be "reliable because they are derived from the actual entries of subject

merchandise, based on information required by and provided to" the Government authority

responsible for permitting goods to enter the United States.  IDM at 37, Appx29435 (citing

cases); *see also, e.g., Certain Circular Welded-Non Alloy Pipe from Mexico:  Final Results of

Antidumping Duty Administrative Review*, 76 Fed. Reg. 77, 770 (Dep't of Commerce Dec. 14,

2011), and accompanying IDM at Comment 1.

 Commerce next acknowledged that the companies argued that their respective entry

documentation showed each company had entries during the period of review.  *See* IDM at 37,

Appx29435.  Commerce, however, found no record evidence demonstrating that CBP continued

the suspension of the entries in question because either the entries occurred during the gap period

(*i.e.*, a time when they were not subject to countervailing duties), the entries did not reflect a

company under review, or the entries entered as Type 01 not subject to countervailing duties and

there was no confirmation from Customs that the entries were retroactively suspended.  *See* IDM

at 37, Appx29435.  Commerce further acknowledged that, while China Cornici had

demonstrated ongoing attempts to change with Customs the classification of its Type 01 entry

and to pay duties owed, mandatory statutory deadlines required Commerce to issue the final

results and, at that time, no record evidence demonstrated that China Cornici had a suspended

entry within the period of review.  IDM at 37, Appx29435.  Thus, Commerce concluded that neither the Customs data nor the information provided by the companies in question indicated that they had unliquidated entries to which duties can be assessed.  IDM at 38, Appx29436. Commerce additionally explained that its practice of requiring a suspended entry to conduct an administrative review, and not conducting a review solely to revise a cash deposit rate, was consistent with the law and had been upheld by the Federal Circuit.  *See* IDM at 38, Appx29436 (discussing 19 U.S.C. § 1675(a)(2)(C) and *Allegheny Ludlum*, 346 F.3d 1372).  Therefore, Commerce rescinded the review with respect to plaintiffs in the absence of reviewable, suspended entries of subject merchandise during the period of review.  *See* IDM at 38, Appx29436.

Although plaintiffs argue that Commerce was aware of the entries that had been entered as non-subject merchandise and that duties had been tendered, *see* Pl. Br. at 5, they do not identify any suspended entry within the period of review that could have been the subject of the administrative review.  As such, Commerce acted within its authority and articulated a lawful basis for rescission.

C.  <u>Commerce's Rescission Determination Is Supported By Substantial Evidence</u>

Commerce's determination to rescind the review with respect to China Cornici and RaoPing is supported by substantial evidence.  Plaintiffs argue that substantial evidence "clearly shows" that they had entries, exports, and sales of subject merchandise during the period of review.  Pl. Br. at 6, 6-8.  They are incorrect.  The evidence they identify shows that China Cornici's importer requested that CBP reset entries that were entered and certified by the importer as non-subject merchandise and that RaoPing claimed a Type 03 entry.  This evidence does not undermine the substantial evidence supporting Commerce's finding that the companies

did not have any reviewable entries during the period of review for which liquidation was
suspended.

Commerce based its finding that neither company had an entry subject to administrative
review on the record, including Customs entry data.  *See* IDM at 37, Appx29435; *see also* Notice
of Intent to Rescind, Appx1275 (referring to CBP data).  This entry data, which contains a list of
all entries during the review period that Customs has suspended for companies under review,
does not list China Cornici or RaoPing among the companies with subject entries, *see generally*
Appx80008-80537; Appx80579-81116, providing substantial evidence to support Commerce's
finding that neither company had a suspended entry within the period of review.  *See PAM,
S.p.A*, 582 F.3d at 1339 (defining "substantial evidence" as "more than a mere scintilla").
Plaintiffs raise no challenge to the reliability or accuracy of this data and, as Commerce
explained, the Customs data can be viewed as reliable, as it is derived from actual entries of
merchandise and based on information that must be disclosed to the responsible Government
authority.  *See* IDM at 37; *see also* 19 U.S.C. § 1485(a)(3) (requiring importer's certification of
entry information as "true and correct").

Plaintiffs' argument here relies on evidence that they placed on the record in response to
Commerce's notice of intent to rescind.  *See* Pl. Br. at 7.  Although China Cornici contends that
an entry form and other documentation confirm that it exported subject merchandise to the
United States, *see id.*, a closer look at this evidence fails to reveal any suspended entry of subject
merchandise during the period of review.  The documents relied on by China Cornici include [


].  Appx81209.  China Cornici also relies on documents showing that [

], as well as the [

].”

Appx81230, Appx81232-81233.  This evidence supports that China Cornici's importer requested that CBP reset [          ] entries from nonsubject merchandise to subject merchandise and suspend those entries accordingly – however, there is no evidence that CBP did so or that there were [                              ].  *See* IDM at 37.

      In making its finding, Commerce acknowledged and considered the evidence on which China Cornici now relies.  *See* Appx29435.  But, after considering all the evidence, Commerce explained its reliance on Customs entry data, and contrasted that reliable data with the absence of any information confirming any suspended entry at the time of the decision.  *See* Appx29435.  Although China Cornici may disagree with how Commerce weighed this evidence in reaching its conclusion, it has not shown that Commerce's determination is not supported by substantial evidence.

      For its part, RaoPing contends that it provided Commerce with evidence of suspended entries made during the period of review, citing to [                              ].  Pl. Br. at 7.  Of note, RaoPing placed this evidence on the record by commenting, “RaoPing provides in Exhibit 1 herewith evidence of a suspended 'Type 03' entries during the period of review.  As Type 03 entries, they are subject to antidumping and countervailing duties and thus are clearly suspended.”  Appx1364.  However, [     ] of the [     ] entries that RaoPing relies on are not subject to countervailing duties because they were entered during the [

].  *See* Appx81262 ([                              ]), Appx81263 ([                              ]), Appx81265 ([                              ]); *see also Order*,

23

86 Fed. Reg. at 9,485; Message No. 2137423, Appx1166; IDM, Appx29435.  As a result, [      ]

of the [      ] entries RaoPing claimed were subject to duties and suspended, in fact, were not, and

could not, be subject to countervailing duties and, thus, were not suspended.

      The [      ] entry that RaoPing identified was [                              ], but it

does not establish that RaoPing had a suspended entry.  While this piece of evidence from

RaoPing demonstrates that there was a Type 03 entry, it does not show, and the comments

provided by RaoPing do not explain, how the entry may be connected to RaoPing or correspond

to the Customs entry data or that the entry was indeed suspended.  *See* Appx1364, Appx81264.

In contrast, Customs classifies and suspends entries based on information provided by the

importer at entry, *see* 19 U.S.C. § 1484(a)(1)(B), and the Customs entry data placed on the

record by Commerce does not list RaoPing as a company with subject entries.  *See generally*

Appx80008-80537, Appx80579-81116.

      Although RaoPing had access to the Customs entry data, and opposed Commerce's

subsequent rescission notice on the basis that it had suspended entries, RaoPing failed to provide

information or evidence to support its position or to meaningfully contradict the data on the

record.  While Commerce must base its decisions on the record before it, the burden of creating

an adequate record lies with interested parties, not Commerce.  *See QVD Food Co. v. United*

*States*, 658 F.3d 1318, 1324 (Fed. Cir. 2011); *Yama Ribbons & Bows Co., Ltd. v. United States*,

865 F. Supp. 2d 1294, 1299 (Ct. Int'l Trade 2012) ("{I}t is well established that in AD and CVD

investigations, the burden falls on the interested party to place relevant information within its

possession on the record.").  Here, Commerce considered the evidence that RaoPing now points

to, but given the record evidence before it, Commerce concluded that "{n}either the {Customs}

data placed by Commerce on the record of this review, nor the entry documentation filed by the

companies in question, indicate that the companies have unliquidated entries to which

countervailing duties can be assessed." Appx29436. Because this determination is supported by

substantial record evidence, it should be sustained.

D.     Any Dispute With Customs Concerning An Importer's Misclassification Of
       Entries Does Not Extinguish Commerce's Statutory Deadline

Plaintiffs contend that, when Commerce issued its final results, it was "on notice" of the

ongoing dispute with Customs concerning the designation of entries, and, according to plaintiffs,

"by issuing its unlawful decision to rescind the review with respect to {p}laintiffs, {Commerce}

not only ignored record evidence that plaintiffs made exports, entries, and sales of subject

merchandise, but it exceeded the bounds of its authority and impeded plaintiffs' ability to obtain

the appropriate rate designations for their entries before the resolution of prior disclosure

litigation." Pl. Br. at 8-9.[4] This argument is without merit.

As an initial matter, for the reasons outlined above, Commerce's rescission determination

is in accordance with law and supported by substantial evidence.

More pointedly, plaintiffs' complaints about the timing of Commerce's determination

ignore the statutory deadlines that apply to administrative reviews. Under 19 U.S.C.

§ 1675(a)(3)(A), administrative reviews are subject to time limits, including, as relevant here, the

requirement that Commerce complete the final results of an administrative review within 120

days of the publication of the preliminary results, along with an option to extend that time limit

for the final results to a maximum of 180 days after the publication of the preliminary results.

Here, Commerce extended the time limit for its final results to September 1, 2023, 178 days after

---

[4] Although plaintiffs' brief refers to the "{p}laintiffs" filing "prior disclosures with
CBP," it cites evidence related to China Cornici's importer filing with CBP a prior disclosure.
*See* Pl. Br. at 8 (citing Appx1352-1353, Appx81208-81210, Appx 81230-81235).

the publication of the preliminary results, *see* Appx28990-28991, and the last business day before its statutory time limit for completing the review would expire.

While plaintiffs seem to argue that Commerce erred by issuing its decision when it knew of the ongoing dispute with Customs, *see* Pl. Br. at 8, these statutory deadlines do not permit Commerce to suspend its final results pending the outcome of a CBP dispute or protest. Critically, plaintiffs offer no theory or mechanism by which Commerce could ignore the statutory time limit until the importer resolved a dispute with Customs. They also ignore that Commerce deferred its rescission decision until the final results, and then extended its deadline for those final results as long as the statute practicably permits. Indeed, in making its determination Commerce considered information regarding the ongoing dispute with Customs along with CBP data, but determined that, at that time, there was no record evidence of a suspended entry. *See* Appx29435. Thus, plaintiffs' assertion that Commerce "ignored" their evidence, Pl. Br. at 8, is baseless. Rather, while Commerce was "on notice" of China Cornici's importer's efforts with Customs to change the classification and status of the entry in question, Commerce was not positioned to resolve that dispute, but it was required to complete its administrative reviews by the statutory deadline and did not err in doing so.

To the extent plaintiffs claim that they are harmed because they are ineligible for the administrative review and their preferred duty rate, *see* Pl. Br. at 8-9, any such harm is the result of the importer's alleged errors and their inability to resolve the issue with Customs by the final results deadline, not any wrongful action by Commerce. Commerce must base its decisions on the record before it, and the interested parties are responsible for creating an adequate record. *See QVD Food*, 658 F.3d at 1324. In this case, plaintiffs provided evidence that China Cornici's importer was engaged with Customs to correct issues arising from the importer's alleged error,

but, at the time of the final results, no record evidence demonstrated a suspended entry.  *See* Appx29435.  Indeed, plaintiffs claim that the importer misclassified entries, and the errors remained unchanged at the time they requested review.  *See* Compl. ¶¶ 25, 30.  Nonetheless, they never placed any information on the record to show, contrary to the Customs entry data, that their entries were in fact suspended.  They cannot now complain that Commerce should have ignored a statutory deadline to provide them with more time to correct a problem of their own making.

## <u>CONCLUSION</u>

For these reasons, we respectfully request that the Court deny plaintiffs' motion for judgment on the agency record and sustain Commerce's final determination.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

<u>/s/ Claudia Burke by /s/ L. Misha Preheim</u>
CLAUDIA BURKE
Deputy Director

<u>/s/ Katy M. Bartelma</u>
KATY M. BARTELMA
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
Ben Franklin Station
P.O. Box 480
Washington, DC 20044
Telephone: (202) 307-1438
Facsimile: (202) 307-0972
Email:  katy.m.bartelma@usdoj.gov

OF COUNSEL:
LESLIE LEWIS
Attorney
Office of the Chief Counsel
for Trade Enforcement & Compliance
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, DC 20230

July 30, 2024                              *Attorneys for Defendant*

27

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Standard Chambers Procedure ¶ 2(B)(2), I hereby certify that this brief complies with the appropriate word-count limitation. According to the word-count function of the software used to prepare this brief, the brief contains 7,749 words.

<u>s/ Katy M. Bartelma</u>
Katy M. Bartelma