UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CHINA CORNICI CO., LTD.** *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | Before: Stephen Alexander Vaden, Judge <br><br> Court No. 23-00216 |

## ORDER

Upon consideration of Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record, the Government response thereto, Plaintiffs' reply, and all other papers and proceedings, it is hereby:

**ORDERED** that Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record is **GRANTED**; and it is further

**ORDERED** that this case is remanded to the U.S. Department of Commerce in accordance with the Court's decision.

**SO ORDERED.**

Date: _____, 2024            _____
New York, New York                                                  **Stephen Alexander Vaden, Judge**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **CHINA CORNICI CO., LTD.** *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | Before: Stephen Alexander Vaden, Judge <br><br> Court No. 23-00216 |

**PLAINTIFFS' REPLY BRIEF**
**CONCERNING THE MOTION FOR JUDGMENT ON THE AGENCY RECORD**

 

Mark Ludwikowski
Kevin Williams
Kelsey Christensen
Sally Alghazali

**CLARK HILL, PLC**
1001 Pennsylvania Avenue NW
Suite 1300 S
Washington, DC 20004
202-772-0909

**September 25, 2024**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFFS DID NOT WAIVE THEIR STATUTORY ARGUMENT
NOR FAIL TO EXHAUST ADMINISTRATIVE REMEDIES .........................................2

III. COMMERCE IMPROPERLY RESCINDED THE REVIEW ...........................................5

    A. Defendant's Statutory and Regulatory Framework ..................................................5

    B. Plaintiffs Satisfied the Requirements for a Review ..................................................6

    C. Commerce Should Have Deviated from its Practice .................................................7

IV. PLAINTIFFS DO NOT ARGUE THAT A DISPUTE WITH CUSTOMS
EXTINGUISHES COMMERCE'S STATUTORY DEADLINES ....................................8

V. CONCLUSION.................................................................................................................10

VI. CERTIFICATE OF COMPLIANCE................................................................................12

VII. CERTIFICATE OF SERVICE .........................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Alleghany Ludlum Corp. v. United States*, 346 F.3d 1372 (Fed. Cir. 2003) .................................. 7

*Ambassador Div. of Florshein Shoe v. United States*, 749 F.2d 1560 (Fed. Cir. 1984) ................................................................................................................................................ 5

*Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244 (June 28, 2024) ............................... 4, 5, 7

*Mittal Steel Point Lisas v. United States*, 548 F.3d 1375 (Fed. Cir. 2008) .................................. 3

*Timken Co. v. United States*, 60 F.Supp. 304, 312 (CIT 1986) ....................................................... 7

**OTHER AUTHORITIES**

Memorandum to Ryan Majerus, Deputy Ass't Sec'y for Policy Negotiations, from Steven Presing, Acting Deputy Ass't Sec'y for Policy and Negotiations Enforcement and Compliance, Subject: *Extension of Deadlines for Final Results of the Administrative Review of the Agreement Suspending the Antidumping Duty Investigation on Tomatoes from Mexico*, A-201-820 9 (July 5, 2024) .......................................... 9

*Wood Mouldings and Millwork Products From the People's Republic of China: Final Results and Partial Recission of Countervailing Duty Administrative Review; 2020-2021* ........................................................................................................................... 1

**REGULATIONS**

19 C.F.R. § 351.212(c)(2) ............................................................................................................... 5

19 C.F.R. § 351.309(d)(2) ............................................................................................................... 3

19 C.F.R. § 351.212(c)(1) ............................................................................................................... 5

**PLAINTIFFS' REPLY BRIEF**

I.  **INTRODUCTION**

Plaintiffs China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co., Ltd. (d.b.a. Chen Chui Global Corp.) (collectively, "China Cornici et al." or "Plaintiffs"), foreign exporters of the subject merchandise, by and through their attorneys, hereby submit this Reply Brief concerning Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record (ECF 21) and Defendant's July 30, 2024, Response (ECF 23) thereto.

Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record challenges the U.S. Department of Commerce's ("Commerce") improper recission of review with respect to Plaintiffs in the first annual countervailing duty ("CVD") administrative review of *Wood Mouldings and Millwork Products from the People's Republic of China*, Inv. No. C-570-118, and the accompanying issues and decision memorandum. *See* Federal Register Notice *Wood Mouldings and Millwork Products From the People's Republic of China: Final Results and Partial Recission of Countervailing Duty Administrative Review; 2020-2021* ("Final Results"), Appx31603-31606; Final Issues and Decision Memorandum for the Final Results of the 2020-2021 Countervailing Duty Administrative Review, Appx29399-29478.

Defendant's Response asserted that Plaintiffs failed to exhaust administrative remedies and waived argument as to whether Commerce lacked the statutory authority to rescind the review with respect to Plaintiffs. Defendant argued that Commerce possessed the statutory authority to rescind the administrative review and that Commerce articulated a lawful basis to do so, that Commerce's recission was supported by substantial evidence, and that a dispute with U.S. Customs and Border Protection ("Customs" or "CBP") does not extinguish Commerce's statutory deadline.

Plaintiffs hereby reply to each argument in turn.

1

## II.     PLAINTIFFS DID NOT WAIVE THEIR STATUTORY ARGUMENT NOR FAIL TO EXHAUST ADMINISTRATIVE REMEDIES

Defendant argued that Plaintiffs waived and failed to exhaust the argument that Commerce lacked the statutory authority to rescind the review on the basis that Plaintiffs did not assert this argument before the agency or in their complaint. Defendant Response (ECF 23) at 11 – 13. Plaintiffs did not waive their argument nor fail to exhaust their administrative remedies with respect to Commerce's statutory authority to rescind the review.

Defendant argued that Plaintiffs should have been required to raise the statutory authority argument before Commerce in their comments on the rescission notice or their rebuttal brief to petitioner. Defendant Response (ECF 23) at 12. However, Defendant's theory would require Plaintiffs to predict that an unfavorable decision was confirmed to be made by Commerce against the two companies. Specifically, Defendant failed to acknowledge that Commerce's Notice of Intent to Rescind was not an opportunity for parties to present arguments on Commerce's statutory authority to take such an action, but rather an opportunity to provide evidence to support a non-rescission decision. In fact, Commerce's notice specifically stated that it is "providing interested parties with an opportunity to submit comments on this notice, including factual information to demonstrate whether there are reviewable entries during the POR for the companies listed in Attachment I." Appx1275-1277. The notice did not state that Commerce has officially made the decision to rescind the review, but rather its "*intent* to rescind … *in the absence* of any suspended entries during the POR." *Id.* (emphasis added). Therefore, the notice was an opportunity for Plaintiffs to supplement the absent evidence of their reviewable entries during the POR, which they adequately did in their comments on the recission notice, as

opposed to an opportunity to rebut Commerce's statutory authority to take such an action, as misstated by Defendant.

Similarly, Defendant argued that Plaintiffs should have raised this argument in the rebuttal brief to Petitioner. Defendant Response (ECF 23) at 12. However, Defendant yet again failed to acknowledge that the rebuttal briefs were not the appropriate avenue for Plaintiffs to raise a statutory authority claim. Under 19 C.F.R. § 351.309(d)(2), rebuttal brief may respond only to arguments raised in the case brief. Petitioner did not raise any argument on Commerce's statutory authority to rescind the review with respect to the companies, thus Plaintiffs were procedurally refrained from bringing such a claim in their rebuttal. Caselaw similarly highlights that parties are "procedurally required to raise their issue before Commerce at the time Commerce is addressing the issue." *Mittal Steel Point Lisas v. United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008). At that time, Commerce's statutory authority to rescind the review was not at issue because a decision to rescind was not yet made.

In light of this fact, Plaintiffs similarly did not bring such a claim in their case briefs because the decision to rescind the review still had not been made by Commerce in the Preliminary Results when the only other opportunity to present this argument was open. As noted by Defendant, Commerce did not rescind review with respect to Plaintiffs in its Preliminary Results because "it needed additional time to fully examine {Plaintiffs'} claims and documentation and would make a determination in the final results." Defendant Response (ECF 23) at 6. Therefore, raising an argument on Commerce's statutory authority to make a decision that was not yet made would have been premature in the case brief. Moreover, when the rescission was made official in the Final Results, Plaintiffs were presented with no opportunity to comment, other than to appeal the decision with this Court. The Defendant conveniently

3

removed these procedural facts from its response brief, failing to highlight that there was no administrative remedy route to exhaust before this appeal.

Mindful of these procedural hurdles at the administrative level, Defendant attempted to dismiss Plaintiffs' statutory claim by arguing that Plaintiffs should have raised this argument in the Complaint. Defendant Response (ECF 23) at 11-12. However, Plaintiffs' Complaint adequately asserts that the recission was "improper." Complaint (ECF 9 ) at ¶ 1 ("This action is brought to contest the improper recission of an administrative review by the United States Department of Commerce. . . ."). Defendant failed to acknowledge this fact while simultaneously stating in defense that the rules require the Complaint to set forth "short and plain statement of the claim." Defendant Response (ECF 23) at 11. While Plaintiffs did not necessarily cite to the statute to argue that Commerce's recission was improper, Plaintiffs were not statutorily required to provide more than a short and plain statement on their claim regarding Commerce's rescission. The language in the Complaint inherently addresses Commerce's authority to take such an action, and Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record sufficiently elaborates on such an argument and puts Commerce on notice concerning its statutory authority.

Therefore, Plaintiffs sufficiently raised the statutory authority argument at the appropriate time on appeal when the affirmative decision was made by Commerce. Contrary to Defendant's assertions, such an argument was not waived by the short and plain statements of the Complaint.

In any event, the agency is entitled to no deference with respect to its interpretation of the bounds of its statutory authority. *Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244, 2261 (June 28, 2024). It is incumbent upon the Courts, not the agency, to decide all relevant questions of law. *Loper* at 2261. Defendant does not contest that Plaintiffs argued that recission of the reviews were improper. Defendant Response (ECF 23) at 12. The question of the agency's

4

statutory authority is relevant to whether recission was proper and, as such, it is appropriate for this Court to "set aside any such action inconsistent with the law as {it} interpret{s} it." *Loper* at 2261. Plaintiffs respectfully request that this Court not deny them the opportunity to present relevant statutory and regulatory support for their arguments that recission of the reviews was improper.

## III. COMMERCE IMPROPERLY RESCINDED THE REVIEW

### A. Defendant's Statutory and Regulatory Framework

In support of its argument that Commerce articulated a lawful basis for recission, Defendant presented a guiding statutory and regulatory framework. Defendant Response (ECF 23) at 13 – 15. Plaintiffs highlight relevant excerpts of the framework below. First, Defendant acknowledged that "the liability to pay duties *accrues at entry*." Defendant Response (ECF 23) at 13 (emphasis added). Defendant explained that "{i}nterested parties may annually request review of a countervailing duty order for a given retrospective period; this process is known as an administrative review." Defendant Response (ECF 23) at 14. Next, Defendant stated that:

> In the absence of a review request, Commerce instructs CBP to liquidate entries at the rate previously established. *See id.* (citing 19 C.F.R. §§ 351.212(c)(1), (c)(2)). If review is requested, Commerce reviews the countervailing duty rate for merchandise "covered by the request," *id.* (quoting 19 C.F.R. § 351.212(c)(2)), and, for such merchandise, suspends liquidation until the final rate is determined in the review, *see id.* (citing *Ambassador Div. of Florshein Shoe v. United States,* 749 F.2d 1560, 1565 (Fed. Cir. 1984)).

Defendant Response (ECF 23) at 14 (citations in original). Finally, Defendant acknowledged that it is "{t}he determinations made in an administrative review {that} 'shall be the basis for the assessment of countervailing or antidumping duties. . . .'" Defendant Response (ECF 23) at 14 (citations omitted).

5

B.   Plaintiffs Satisfied the Requirements for a Review

In keeping with the framework identified by Defendant, Plaintiffs entered subject merchandise during the relevant periods of review. *See* Appx1346-1354 and Appx81202-81239, and Appx1364-1372 and Appx81255-81266. Despite Plaintiffs' initial error in misidentifying the merchandise as Type 01 entries rather than as Type 03 entries, for which antidumping and countervailing duties were owed, the liability to pay such duties nonetheless accrued at the time of entry. *See* Defendant Response (ECF 23) at 13. Upon realizing the initial error in entry documents, Plaintiffs retained counsel, have gone to great efforts to rectify the mistake, and sought to pay the antidumping and countervailing duties that accrued on their imports at the time of entry.

Defendant did not contest that Plaintiffs timely requested review for their entries of subject merchandise. *See generally* Defendant Response (ECF 23). The merchandise covered by Plaintiffs' request for review was subject to the relevant antidumping and countervailing duty orders. *See* Appx1006-1008. As a result, Commerce should have "review{ed} the {antidumping or} countervailing duty rate for merchandise 'covered by the request'. . . ." *See* Defendant Response (ECF 23) at 14. This is true regardless of the suspension status because the antidumping and countervailing duty liability accrues at the time of entry. Despite evidence that Plaintiffs entered subject merchandise during the period of review and the timely requests for review, Commerce improperly rescinded the review on the basis that there were no suspended entries.

Defendant attempted to justify the improper recission by stating that recission adhered to Commerce's "practice of requiring a suspended entry to conduct an administrative review, and not conducting a review *solely to revise a cash deposit rate*, { } consistent with the law and {as} upheld by the United States Court of Appeals for the Federal Circuit." Defendant Response (ECF

6

23) at 7 (emphasis added) (citations omitted). Defendant's reliance on *Alleghany Ludlum Corp. v. United States*, 346 F.3d 1372 (Fed. Cir. 2003), however, is inapposite. Plaintiffs did not seek review solely, or even primarily, for the purpose of revising a forward-looking cash deposit rate. Plaintiffs sought a review of the antidumping and countervailing duty rates that accrued on their imports at the time of entry; Plaintiffs' interests are retrospective. By contrast, seeking to review a cash deposit rate would be a forward-looking endeavor in an attempt to secure a more favorable rate on future imports. In line with the framework presented by Defendant, Plaintiffs were interested parties which requested annual reviews for a retrospective period. *See* Defendant Response (ECF 23) at 14 ("Interested parties may annually request review of a countervailing duty order for a given retrospective period; this process is known as an administrative review.").

      C.    <u>Commerce Should Have Deviated from its Practice</u>

Even if it is Commerce's practice to rescind a review when there are no suspended entries, Defendant Response (ECF 23) at 7, Commerce's statutory and regulatory framework makes clear that it should have deviated from such a practice in the underlying reviews. *See supra* at Sections III(A) and (B). In addition to the statutory and regulatory framework, the factual information on the underlying records required Commerce to deviate from its practice in order to reach a final determination based on substantial evidence and in accordance with the law. Denying Plaintiffs the opportunity to participate in the underlying reviews was improper and contrary to Commerce's statutory obligations. Commerce's refusal to deviate from its practice here was unreasonable and otherwise not supported by the law. *See Timken Co. v. United States*, 60 F.Supp. 304, 312 (CIT 1986) ("An agency's interpretation of a statute it administers need only be reasonable."). Whether Commerce's rote application of its usual practice was proper constitutes a question of law that is within the purview of this Court. *See Loper* at 2261.

7

Factual information on the record in the underlying reviews that support Plaintiffs position included a prior disclosure letter to Customs, payment of duties to Customs, and a request to Customs to suspend entries and reset them to Type 03, as well as a request for administrative review to Commerce on such entries made during the POR. *See* Appx1346-1354 and Appx81202-81239, Appx1364-1372 and Appx81255-81266, and Appx1006-10008. This information unambiguously demonstrates that Plaintiffs entered subject merchandise during the period of reviews, for which Plaintiffs timely requested reviews by Commerce. *Id*. These facts are not undermined by Plaintiffs' initial error on entry documentation, which was also readily explained on the underlying administrative records. *See* Appx1346-1354 and Appx81202-81239, Appx1364-1372 and Appx81255-81266, and Appx29369-29382 and Appx115982-115995. These record facts demonstrate that Commerce should have deviated from its practice and permitted Plaintiffs to participate in the reviews.

Defendant also sought to justify Commerce's practice by stating that the stated purpose for this practice is "to enforce its CVD orders." Defendant Response (ECF 23) at 7. However, Plaintiffs' requests for reviews stem from their attempt to comply with the antidumping and countervailing duty orders and the liabilities accrued on their imports at the time of entry. Defendant presents no compelling reason how enforcement of Commerce's orders is best served by a rote adherence to its practice and denying Plaintiffs the opportunity to participate in the respective reviews.

### IV. PLAINTIFFS DO NOT ARGUE THAT A DISPUTE WITH CUSTOMS EXTINGUISHES COMMERCE'S STATUTORY DEADLINES

Defendant misconstrues Plaintiffs' arguments concerning the dispute with Customs and Commerce's statutory deadlines. *See* Defendant Response (ECF 23) at 25 – 27. Plaintiffs did not assert that Commerce should have "suspend{ed} its final results pending the outcome of a CBP

dispute or protest," Defendant Response (ECF 23) at 26, or that it was Commerce's responsibility "to resolve that dispute," Defendant Response (ECF 23) at 26. Plaintiffs simply emphasized that, in light of these ongoing considerations, Plaintiffs maintained an interest in the outcome of the relevant reviews. As Defendant acknowledged, Plaintiffs argued that "by issuing its unlawful decision to rescind the review with respect to {p}laintiffs, {Commerce} . . . impeded plaintiffs' ability to obtain the appropriate rate designations for their entries. . . ." Defendant Response (ECF 23) at 24 (citing Plaintiffs' Rule 56.2 Motion at 8 – 9).

Evidence of an ongoing dispute with Customs was used to support Plaintiffs' claims that they imported subject merchandise during the relevant periods of review, and to indicate that Plaintiffs were working to reset the entry types for the relevant imports. *See* Appx1346-1354 and Appx81202-81239, and Appx1364-1372 and Appx81255-81266. Regardless of the suspension status of Plaintiffs' entries at the time of review, Commerce was "on notice" that the entry types may be reset by Customs, such that Plaintiffs and their U.S. importer maintained an ongoing interest in participation in the relevant reviews. As such, Commerce's decision to rescind the reviews with respect to Plaintiffs was improper.

Notwithstanding the foregoing, Plaintiffs note that Commerce has shown a willingness to ignore its statutorily mandated deadlines. *Compare, e.g.,* Memorandum to Ryan Majerus, Deputy Ass't Sec'y for Policy Negotiations, from Steven Presing, Acting Deputy Ass't Sec'y for Policy and Negotiations Enforcement and Compliance, Subject: *Extension of Deadlines for Final Results of the Administrative Review of the Agreement Suspending the Antidumping Duty Investigation on Tomatoes from Mexico*, A-201-820 9 (July 5, 2024) (in which Commerce determined to extend the final results of an administrative review beyond the statutorily mandated deadline), *with* Defendant Response (ECF 23) at 26 ("Critically, plaintiffs offer no

9

theory or mechanism by which Commerce could ignore the statutory time limit until the importer resolved a dispute with Customs."). If Defendant wishes to proceed with this argument, Plaintiffs must assert that Commerce's willingness to extend its deadlines beyond the statutory time frame in certain proceedings but not here is both arbitrary and capricious.

## V.     CONCLUSION

As discussed above, Plaintiffs exported subject merchandise to the United States during the relevant periods of review. Plaintiffs timely requested reviews of the antidumping and countervailing duty rates of their entries. Regardless of Plaintiffs' initial error in entry documentation, antidumping and countervailing duty liability began to accrue at the time of entry. Plaintiff retained counsel and sought to rectify with Customs their error in entry documentation. In light of these facts, Plaintiffs maintained an ongoing interest in the outcome of the relevant reviews and communicated such interest to Commerce.

Commerce's rote adherence to its practice, to rescind a review in the absence of suspended entries, was thus inappropriate in these cases. The statutory and regulatory framework, along with record evidence, required that Commerce deviate from its regular practice. Commerce's decision to rescind the reviews with respect to Plaintiffs, in light of evidentiary support of Plaintiffs' entries and continued interest, impeded Plaintiffs' ability to obtain the appropriate rate designations for their entries. Denying Plaintiffs from participation in the underlying reviews did not improve Commerce's or Custom's enforcement of antidumping and countervailing duty orders.

Plaintiffs did not ask Commerce to resolve their dispute with Customs. Instead, akin to specific performance in a contract dispute, Plaintiffs simply asked Commerce for the opportunity to participate in the reviews for which they lawfully qualified and timely requested.

Accordingly, Plaintiffs respectfully request that this Court vacate Commerce's decision to rescind the underlying reviews and remand this matter to Commerce with instructions to assign Plaintiffs the antidumping and countervailing duty rates assigned to the non-selected companies under review.

Respectfully submitted,

/s/ Mark Ludwikowski
Mark Ludwikowski
Kevin Williams
Kelsey Christensen
Sally Alghazali

*Counsel to China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.)*

Dated: September 25, 2024

## VI. CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this motion complies with the word limitation requirement. The word count for Plaintiffs' Reply Brief, as computed by Clark Hill's word processing system Microsoft Office Professional, is <u>3018</u> words.

<u>/s/ Mark Ludwikowski</u>
Mark Ludwikowski

*Counsel to China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.)*

Dated: September 25, 2024

## VII. CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was electronically filed on September 25, 2024, via the Court's ECF filing system, which automatically serves notice on counsel of record.

*/s/ Mark Ludwikowski*
Mark Ludwikowski

*Counsel to China Cornici Co., Ltd. and RaoPing HongRong Handicrafts Co. Ltd. (d.b.a. Chen Chui Global Corp.)*

Dated: September 25, 2024