C-570-118<br>
Remand<br>
Slip Op. 25-118<br>
POR: 06/12/2020 – 12/31/2021<br>
~~Business Proprietary Document~~<br>
**PUBLIC VERSION**<br>
E&C/OVIII: BMJ

***China Cornici Co., Ltd., and RaoPing HongRong Handicrafts Co., Ltd. v. United States*,
Court Nos. 23-00216 and 23-00217, Slip. Op. 25-118 (CIT September 5, 2025)
Wood Mouldings and Millwork Products from the Peoples Republic of China**

**FINAL RESULTS OF REDETERMINATION
PURSUANT TO COURT REMAND**

I.      **SUMMARY**

The U.S. Department of Commerce (Commerce) prepared these final results of

redetermination pursuant to the opinion and remand order of the U.S. Court of International

Trade (CIT or the Court) in *China Cornici Co., Ltd., and RaoPing HongRong Handicrafts Co.,

Ltd. v. United States*.[1]  These final results of redetermination concern the final results in the

administrative review of the countervailing duty (CVD) order on wood mouldings and millwork

products from the People's Republic of China (China) covering the period of review (POR) June

12, 2020, through December 31, 2021.[2]  In its *Remand Order*, the CIT remanded certain aspects

of Commerce's *Final Results* for further explanation or reconsideration.  Specifically, the CIT

first ordered Commerce to reconsider its determination "to rescind the administrative reviews for

{China Cornici Co., Ltd. (China Cornici) and RaoPing HongRong Handicrafts Co., Ltd.

(RaoPing)}"[3] and "to consider under what circumstances and how to adjust its proceedings when

---

[1] *See China Cornici Co., Ltd., and RaoPing HongRong Handicrafts Co., Ltd. v. United States*, Court Nos. 23-00216 and 23-00217, Slip Op. 25-118 (CIT September 5, 2025) (*Remand Order*).
[2] *See Wood Mouldings and Millwork Products from the People's Republic of China:  Final Results and Partial Recission of Countervailing Duty Administrative Review; 2020-2021*, 88 FR 62319 (September 11, 2023) (*Final Results*), and accompanying Issues and Decision Memorandum (IDM).
[3] *See Remand Order* at 17.

prior disclosures and deposits of duties are made in an attempt to remedy mistakes on entry papers, addressing all the statutes at play, not just unfair trade statutes and preferred practices."[4] On April 22, 2026, we released our Draft Redetermination to interested parties.[5] No interested party filed comments.[6] Accordingly, there are no changes from the Draft Redetermination for these final results of redetermination.

As set forth in detail below, consistent with the CIT's *Remand Order*, we have: (1) requested and examined information from China Cornici, RaoPing, and U.S. Customs and Border Protection (CBP) regarding the entries at issue provided by China Cornici and RaoPing in rebuttal to the rescission; and (2) reviewed CBP's processes related to the entries and how CBP proceedings might affect Commerce proceedings in this case pursuant to 19 CFR 351.213(d)(3). Based on this analysis, we have revised our determination to rescind the administrative review for China Cornici and RaoPing in the *Final Results*.

## II.    BACKGROUND

In the *Final Results*, Commerce rescinded the administrative review with respect to China Cornici and RaoPing.[7] On June 29, 2022, Commerce notified interested parties that we intended to rescind this administrative review with respect to the companies that did not have entries in the CBP data during the POR.[8]

### A. China Cornici

---

[4] *Id.* at 15.

[5] *See* Draft Results of Remand Redetermination, *China Cornici Co., Ltd., and RaoPing HongRong Handicrafts Co., Ltd. v. United States*, Court Nos. 23-00216 and 23-00217, Slip. Op. 25-118 (CIT 2025), dated April 22, 2025 (Draft Redetermination).

[6] We note, China Cornici, RaoPing, and Larson-Juhl US LLC did attempt to file untimely written argument pertaining to this remand redetermination, which Commerce rejected pursuant to 19 CFR 351.302(d)(1)(i). *See* Memorandum, "Rejection and Removal of Untimely Filed Document from the Record," dated April 30, 2026.

[7] *See Final Results* IDM at 38.

[8] *See* Memorandum, "Notice of Intent to Rescind Review, in Part," dated June 29, 2022, at Appendix.

In the underlying review, China Cornici claimed it had a reviewable entry entitling it to a review and provided certain documentation to support its claim.[9]  In the *Final Results,* Commerce recognized that China Cornici demonstrated its attempts to change with CBP the classification of its entry from Type 01, for which no CVD cash deposits were paid at the time of entry, to Type 03, and pay CVD duties owed, and that the process may have been ongoing.[10] However, Commerce noted that mandatory statutory deadlines dictated Commerce's issuance of the *Final Results*[11] and, at the time of issuance, no record evidence in the underlying review demonstrated that China Cornici had a suspended entry within the POR.[12]  Therefore, in the *Final Results,* Commerce rescinded the review for China Cornici pursuant to 19 CFR 351.213(d)(3) for lack of evidence of a suspended entry of subject merchandise.[13]

## B. RaoPing

RaoPing provided entry information as evidence of a suspended Type 03 entry of merchandise subject to review.[14]  However, the information provided by RaoPing did not demonstrate, and comments provided by RaoPing did not explain, how the evidence it provided regarding a Type 03 entry made during the POR was connected to RaoPing or how it corresponded to the CBP data on the record.[15]  As such, in the *Final Results,* Commerce found that CBP had liquidated the entries in question.[16]  Therefore, in the *Final Results,* Commerce

---

[9] *See* China Cornici's Letter, "Comments on Notice of Intent to Rescind Review, In Part," dated July 13, 2022.
[10] *See Final Result*s IDM at 37.
[11] *See* section 751(a)(3)(A) of the Tariff Act of 1930, as amended (the Act).
[12] *See Final Results* IDM at 37.
[13] *Id.* at 38.
[14] *See* RaoPing's Letter, "Comments on Notice of Intent to Rescind Review, In Part," dated July 13, 2022 (RaoPing's Comments on Intent to Rescind).  We note that RaoPing reported [                    ] in the underlying review.  However, [                    ], dated [                        ], are not subject to CVD proceedings, as they occurred after the expiration of provisional measures and prior to the re-suspension of liquidation upon the International Trade Commission's final determination (*i.e.*, the gap period).  As such, these [                ] are not entries of subject merchandise subject to the *Order*.  Accordingly, we solicited further information on the [      ] entry, dated [            ], to comply with the Court's *Remand Order*.
[15] *Id.*
[16] *See Final Results* IDM at 37.

rescinded the review for RaoPing pursuant to 19 CFR 351.213(d)(3) for lack of evidence of a suspended entry of subject merchandise.[17]

## III.    REMAND ORDER

In the *Remand Order*, the CIT remanded Commerce's recissions with respect to China Cornici and RaoPing, stating that, "{u}nder the plain language of {19 CFR 351.213(d)(3)}… Commerce lacked authority to rescind the administrative reviews solely due to a lack of suspended entries.  {The regulation} allows for rescission only if 'there were no entries . . . of subject merchandise.'  The regulation does not include or imply a requirement that these entries be suspended."[18]  The CIT concluded that, "for Commerce to rescind the reviews at issue, it would have had to find that there were no entries of subject merchandise at all."[19]  On remand, the CIT ordered that Commerce must consider under what circumstances and how to adjust its proceedings when prior disclosures and deposits of duties are made to remedy mistakes on entry papers, addressing all the statutes at play, not just unfair trade statutes and preferred practices.

## III.    ANALYSIS

Section 751(a)(1) of the Act, describes Commerce's administrative review procedures. The primary purpose of any administrative review is to retroactively assess antidumping and/or countervailing duties for the subject merchandise that entered into the United States during the POR.  For any request for which a review is initiated, Commerce will "review and determine the amount of any net countervailable subsidy," and "shall publish in the *Federal Register* the results of such review, together with notice of any duty to be assessed, estimated duty to be deposited, or investigation to be resumed."[20]

---

[17] *Id.* at 38.
[18] *See Remand Order* at 11-12.
[19] *Id.* at 11.
[20] *See* section 751(a)(1) of the Act.

In response to the *Remand Order* that Commerce "consider under what circumstances and how to adjust its proceedings when prior disclosures and deposits of duties are made in an attempt to remedy mistakes on entry papers, addressing all the statutes at play, not just unfair trade statutes and preferred practices," we requested information from CBP and have considered CBP's response along with the additional information on the record.[21]  Specifically, Commerce solicited information regarding both CBP's general practices when an error has been made on entry documentation for antidumping duty (AD)/countervailing duty (CVD) purposes and other information more particular to the facts of the instant case.[22]  CBP described the procedures available to importers when an error has been made on entry documentation, and the timelines and outcomes of those procedures.[23]  CBP mechanisms for erroneous entry documentation include post-summary corrections (PSC), prior disclosures, and protests.[24]

Post-Summary Correction

An importer can correct entry information and ensure that the entry is properly declared subject merchandise (*e.g.*, an entry type of Type 03) and subject to an AD/CVD order through a post-summary correction if an entry has not yet liquidated.[25]  As stated by CBP, "{w}hen an importer files a PSC prior to liquidation, it can change the entry type of entries from Type 01 to Type 03, add the relevant AD/CVD case information, and deposit estimated AD/CVD duties. These changes trigger the application by CBP of relevant AD/CVD instructions (suspension/liquidation) from Commerce to the entries."[26]

---

[21] *See Remand Order* at 15.
[22] *See* Commerce's Letter to CBP, "Request for Information Pursuant to a Court's Remand Order," dated January 26, 2026 (CBP Request for Information Letter).
[23] *See* Memorandum, "Placement on the Record of U.S. Customs and Border Protection's Response," dated March 30, 2026 (CBP's Response), at Attachment 1.
[24] *See*, generally, CBP's Response.
[25] *Id.* at PDF page 4.
[26] *Id.* at PDF page 5.

Protest

CBP explained that if an entry is already liquidated, an importer can file a protest with CBP.[27]  As noted by CBP, "if an entry has already liquidated and an importer disagrees with a CBP decision impacting the liquidation of an entry, an importer may file a protest."[28]  CBP further noted, "{o}nly the protest mechanism provides the importer with the opportunity to initiate reliquidation of an entry (if the protest is accepted by CBP)."[29]

Prior Disclosure

CBP also explained that an importer can file a prior disclosure, with no deadline except that it must be filed prior to CBP's discovery of errors or reporting violations, to mitigate potential penalties as a result of the misfiling of an entry.[30]  Along with the written disclosure of the violations to CBP, the importer must tender any actual loss of duties, taxes, and fees.[31]  The outcome of this procedure does not provide a status change in the liquidation of the declared merchandise, nor is it an avenue for an importer to correct its entries for further assessment (*e.g.*, a change from Type 01 to Type 03); instead, the prior disclosure procedure is a post-hoc acknowledgment of an error in filing an entry summary to avoid the potential assessment of further penalties.

A.    **China Cornici**

Pursuant to the *Remand Order*, Commerce coordinated with CBP to gather information about what steps were taken with CBP to remedy the erroneous entry documentation for subject merchandise exported by China Cornici, which was claimed as not subject to the *Order*[32] (*i.e.*,

---

[27] *Id.* at PDF page 4.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *See Wood Mouldings and Millwork Products from the People's Republic of China: Countervailing Duty Order*, 86 FR 9484 (February 16, 2021) (*Order*).

Type 01) on entry.[33]  Record evidence indicates that the importer for the entry in question did *not* file a post-summary correction that would have corrected the entry type from Type 01 to Type 03; resulted in suspension of the liquidation of the relevant entry; and allowed the importer to tender to CBP the appropriate CVD cash deposits.[34]  Instead of filing the post-summary correction prior to liquidation, a prior disclosure was filed with CBP.[35]  In a supplemental questionnaire issued in this remand segment,[36] we asked China Cornici why it did not file a post-summary correction to which it responded, "{t}he broker initially discussed a PSC route, but Larson-Juhl elected not to proceed by PSC and instead tendered duties through the prior-disclosure/perfection route."[37]

Although the record lacks an explanation as to why a post-summary correction was not filed, record evidence corroborates China Cornici's claims that steps were taken with CBP to rectify the erroneous entry documentation and that monies were tendered to CBP covering an amount that would have been due for entry of merchandise subject to the *Order*, plus taxes and penalties pursuant to the prior disclosure.[38]  For these reasons, in accordance with the Court's *Remand Order*, we have determined to not rescind the review with respect to China Cornici.  Therefore, Commerce will not rescind the review for China Cornici, and assign China Cornici the CVD cash deposit rate of the non-examined companies under review rate, *i.e.*,

---

[33] *See* CBP Request for Information Letter.  We note that, while China Cornici reported [    ] entries, China Cornici only provided documentation for the [            ] entry on the CVD record of the underlying administrative review.  This entry is not subject to CVD proceedings, as it occurred after the expiration of provisional measures and prior to the re-suspension of liquidation upon the International Trade Commission's final determination (*i.e.*, the gap period).  As such, this entry is not an entry of subject merchandise subject to the *Order*.  Although Commerce did not receive a CBP 7501 form or other entry documentation regarding the [            ] entry in the underlying administrative review, we nevertheless solicited further information on the entry to comply with the *Remand Order*.
[34] *See* CBP Response and China Cornici's Letter, "Supplemental Questionnaire for China Cornici Co., Ltd.," dated March 16, 2026 (China Cornici's Remand SQR) at 4.
[35] *See* China Cornici's Remand SQR at 3-4.
[36] *See* Commerce's Letter, "Supplemental Questionnaire for China Cornici Co., Ltd.," dated March 5, 2026 (China Cornici Remand SQ).
[37] *See* China Cornici's Remand SQR at 4.
[38] *See* CBP Response; and China Cornici's Remand SQR at 3-4.

8.89 percent in accordance with the most recent 2021 POR.[39]  However, Commerce will not issue assessment instructions to CBP to assess countervailing duties on China Cornici's POR entries because, as CBP and China Cornici confirmed and evidence on the record indicates, China Cornici's entry at issue during the POR [                        ].[40] Commerce lacks the authority to reliquidate entries and only the Court can do so.

### B.    RaoPing

With respect to the rescission of RaoPing, pursuant to 19 CFR 351.213(d)(3), the Court stated, "{u}nder the plain language of the regulation…  Commerce lacked authority to rescind the administrative reviews solely due to a lack of suspended entries.  {19 CFR 351.213(d)(3)} allows for rescission only if 'there were no entries…  of subject merchandise.'  The regulation does not include or imply a requirement that these entries be suspended."[41]  The CIT remanded Commerce to reconsider its determinations to rescind the administrative review for RaoPing.[42] After reconsidering the record evidence pursuant to the CIT's *Remand Order*, we have determined that the record indicates that RaoPing had entries of subject merchandise during the POR for this administrative review pursuant to 19 CFR 351.213(d)(3).

In the administrative review, RaoPing provided entry information as evidence of a suspended Type 03 entry of merchandise subject to review.[43]  However, the information provided by RaoPing did not demonstrate, and comments provided by RaoPing did not explain, how the evidence it provided regarding a Type 03 entry made during the POR was connected to RaoPing or how it corresponded to the CBP data on the record.[44]  Moreover, with the exception

---

[39] *See Final Results*, 88 FR at 62321.
[40] *See* China Cornici's Remand SQR at 9 and Exhibits 4-5.
[41] *See Remand Order* at 11-12.
[42] *Id.* at 17.
[43] *See* RaoPing's Letter, "Comments on Notice of Intent to Rescind Review, In Part," dated July 13, 2022 (RaoPing's Comments on Intent to Rescind).
[44] *Id.*

of a single entry, RaoPing provided entries that entered into the U.S. during the gap period, which are not subject to the *Order*.[45] It is not Commerce's practice to issue deficiency questionnaires regarding factual information voluntarily provided to clarify or rebut the record. As such, in the *Final Results,* Commerce found that CBP had liquidated the single entry in question and rescinded the administrative review.[46]

However, as a result of the CIT's *Remand Order*, Commerce reopened the record to request supplemental information from RaoPing.[47] In the Remand Supplemental Questionnaire, Commerce requested that RaoPing, "provide information, with supporting documentation, which ties the exporter/producer under review (*e.g.*, RaoPing) to the U.S. Customs 7501 Entry Summary documentation provided in {RaoPing's Comments on Intent to Rescind}."[48]

RaoPing timely filed its response on January 14, 2025.[49] In response to Commerce's request, RaoPing demonstrates the commercial structure for sales of subject merchandise to the United States, during the POR, involving a third-country trading company, Chen Chui Global Corp. (Chen Chui), a Taiwanese entity.[50] RaoPing asserts under this structure:  (1) RaoPing produced and sold subject wood mouldings and millwork products to Chen Chui; and (2) Chen Chui, acting as the reseller and exporter to the United States, sold and shipped that same merchandise to the U.S. customers.[51] This commercial structure is consistent with Chen Chiu's commercial, shipping, and logistics documentation.[52] Specifically, RaoPing notes, "{t}he

---

[45] *Id.*

[46] *See Final Results* IDM at 37.

[47] *See* Commerce's Letter, "Supplemental Questionnaire for RaoPing HongRong Handicrafts Co., Ltd.," dated January 2, 2026.

[48] *Id* at 4.

[49] *See* RaoPing's Letter, "Supplemental Questionnaire for RaoPing HongRong Handicrafts Co., Ltd.," dated January 14, 2026 (RaoPing's SQR).

[50] *Id.* at 1-2.

[51] *Id.* at 2.

[52] *Id.* at Exhibit 1.

9

quantities, product descriptions, and shipment details on the invoice and packing list correspond directly to the merchandise described on the CBP Form 7501."[53]  However, Commerce could not tie Chen Chui's shipping documentation to RaoPing as the manufacturer of the subject merchandise.  Accordingly, Commerce issued a second supplemental questionnaire to RaoPing, requesting a clear narrative tying the U.S. Customs 7501 Entry summary to a Chinese manufacturer (*e.g.*, RaoPing) including all tracing steps.[54]

RaoPing timely filed its response on March 9, 2026.[55]  In response to Commerce's request, RaoPing provided documentation that establishes RaoPing as the Chinese manufacturer of subject merchandise for the entry that occurred during the POR.[56]  This documentation includes entry [          ], which ties Chen Chiu as the exporter and reseller of the subject merchandise.[57]  RaoPing also provided its internal invoice and production records which tie to its commercial packing list, shipping documents, and entered subject merchandise.[58]  RaoPing's customs-declaration packing list ties the same shipment to RaoPing's factory and to the first downstream trading entity.[59]  Moreover, entry-specific import/security documents and shipping records identify RaoPing, Guangdong, China as the manufacturing and stuffing location and the same container entered into the United States.[60]  Further, entry-specific shipping documents (*e.g.* shipping records, forwarder instruction, shipping order, and container/seal photo) bridge the upstream trading entity's documents to Chen Chiu's export order.[61]  The same shipment

---

[53] *Id.* at 3-4 and Exhibit 1.
[54] *See* Commerce's Letter, "2nd Supplemental Questionnaire for RaoPing Hongrong Handicrafts Co., Ltd.," dated February 27, 2026.
[55] *See* RaoPing's Letter, "Second Supplemental Questionnaire for RaoPing Hongrong Handicrafts Co., Ltd.," dated March 9, 2026 (RaoPing's 2SQR).
[56] *Id.* at 1-8.
[57] *Id.* at 3-4 and Exhibit S2-3.
[58] *Id.* at 4, Exhibits S2-7 – S2-8, and Exhibit S2-11; *see also* RaoPing's SQR at Exhibit 1.
[59] *See* RaoPing's 2SQR at 4, Exhibit S2-1, and Exhibit S2-12.
[60] *Id.* at 7 and Exhibit S2-9.
[61] *Id.* at 5 and Exhibit S2-13.

information appears in Chen Chiu's commercial invoice and packing list.[62]  The information in the commercial invoice and packing list ties to entry [          ] provided in RaoPing's Comments on Intent to Rescind.[63]  As such, record evidence exists indicating that RaoPing was the manufacturer of subject merchandise for entry [          ].

Section 19 CFR 351.213(d)(3) states that, "{t}he Secretary may rescind an administrative review, in whole or only with respect to a particular exporter or producer, if the Secretary concludes that, during the period covered by the review, there were no entries, exports, or sales of the subject merchandise, as the case may be."  As noted above, record evidence indicates that RaoPing was the producer of an entry of subject merchandise during this administrative review.  Accordingly, for these final results of redetermination, pursuant to the CIT's *Remand Order*, Commerce is reversing its decision to rescind the review for RaoPing.  Therefore, Commerce will assign RaoPing a CVD cash deposit rate of the non-examined companies under review rate, *i.e.*, 8.89 percent for the 2021 POR.[64]  However, Commerce will not issue assessment instructions to CBP to assess countervailing duties on RaoPing's POR entries because, as evidence on the record indicates, RaoPing's entry at issue during the POR [                              ].[65] Commerce lacks the authority to reliquidate entries and only the Court can do so.

## IV.    FINAL RESULTS OF REDETERMINATION

Consistent with the Court's *Remand Order,* we have:  (1) reviewed import documentation for entries in the United States for China Cornici and RaoPing during the POR; and (2) reviewed CBP's processes related to the entries.  Based on the foregoing explanations, we have determined

---

[62] *Id.* at Exhibits S2-7 – S2-8.
[63] *See* RaoPing's Comments on Intent to Rescind at Exhibit 1.
[64] *Id*.
[65] *See* Memorandum, "Placement on the Record of Entry Data for RaoPing HongRong Handicrafts Co., Ltd.," dated April 22, 2026.

not to rescind the administrative reviews for China Cornici and RaoPing.  Accordingly, we

intend to assign a cash deposit rate of 8.89 percent *ad valorem* to China Cornici and RaoPing.

This cash deposit rate will be applied for entries of subject merchandise produced and/or

exported by China Cornici or RaoPing until a subsequent cash deposit rate is assigned in an

administrative review.

5/1/2026

X *Chris J Abbott*

Signed by: CHRISTOPHER ABBOTT

Christopher Abbott
Deputy Assistant Secretary
  for Policy and Negotiations,
  performing the non-exclusive functions and duties
  of the Assistant Secretary for Enforcement and Compliance